CHICAGO & NORTH WESTERN RAILWAY COMPANY

v.

BRIDGET RIELLY, ADMINISTRATRIX.

*Railroads—Negligence—Personal Injuries.*

1. Railroads, as carriers of passengers, are held to a high degree of diligence; they are bound to do all that human care, vigilance and foresight can reasonably do, consistent with the modes of conveyance and the practical operation of the road, to put and keep it, its appurtenances and instrumentalities, in a good and safe condition.

2. A passenger should comply with all reasonable rules and regulations for entering, occupying and leaving a railroad car, and if from disregard thereof he is injured, when he would not have been had he observed them, he can not hold the company for injuries suffered, although its servants by negligence contributed to his injury.

3. Where a party has been injured because of the want of ordinary care upon his part, no action will lie unless the injury was wilfully inflicted.

4. A person riding upon the coping or footboard of the tender of an engine is not in the exercise of ordinary care.

[Opinion filed April 8, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. W. C. GOUDY and W. B. KEEP, for appellant.

Messrs. H. M. PIERCE and W. A. FOSTER, for appellee.

WATERMAN, J.   Thomas Rielly, a passenger on one of the trains of appellant, was killed in an accident, in which the train upon which he was riding collided with other cars belonging to appellant.

Thomas Rielly, at the time of the accident, was riding either upon one of the steps of the car next and close to the engine, which was a passenger car, or upon a coping or footboard that was upon the rear end of the tender of the engine. The preponderance of the evidence is, that at the time of the collision, he was riding upon the coping or footboard attached to the rear end of the tender, although at that time there were plenty of vacant seats in the cars. Both plaintiff's and defendant's witnesses testify that deceased had frequently been warned as to the danger of riding upon the coping or footboard of the engine. The collision was a slight one; no other person was injured, and no other person appears to have been thrown down. The injury to the deceased was therefore the result of the position he occupied, the place at which he was when the trains came into contact.

Was this position such a one as he had a right to occupy and hold the company liable for any injury that happened to him in consequence of his being in such place?

Railroads, as carriers of passengers, are held to a high degree of diligence; they are bound to do all that human care, vigilance and foresight can reasonably do, consistent with the modes of conveyance and the practical operation of the road, to put and keep the road, its appurtenances and instrumentalities, in a good and safe condition. T. P. & W. Ry. Co. v. Conroy, 68 Ill. 560; Rorer on Railroads, 955.

This obligation on the part of the railroad implies on the part of the passenger a compliance with all reasonable rules and regulations for entering, occupying and leaving the cars ; and if by reason of his disregard thereof he is injured, when he would not have been had he observed them, he can not hold the company liable, although its servants, by negligence, contributed to the injury. Rorer on Railroads, 956.

Notwithstanding the doctrine of comparative negligence which prevails in this State, it is an essential element to the

right of action in all cases that the plaintiff or party injured must himself have been in the exercise of ordinary care; such as a reasonably prudent person will always adopt for the security of his person or property. Where a party has been injured because of the want of ordinary care upon his part, no action will lie unless the injury was wilfully inflicted. C., B. & Q. R. R. Co. v. Lee, 68 Ill. 580; C., B. & Q. R. R. Co. v. Johnson, Adm'r, 103 Ill. 512; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 325; C., B. & Q. R. R. Co. v. Hazzard, 26 Ill. 373; C., B. & Q. R. R. Co. v. Dewey, Adm'x, 26 Ill. 255; C., B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; Ill. Cent. R. R. Co. v. Green, 81 Ill. 19; St. Louis, A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; C., R. I. & P. R. R. Co. v. Fitzsimmons, 40 Ill. App.

What is ordinary care upon the part of a passenger upon a steam railway?

In the case of P. & R. I. R. R. Co. v. Lane, Adm'x, 83 Ill. 448, the court say: "Had deceased remained in the passenger car, where there was an abundance of room, he would not have been killed. It was by reason of leaving his seat in the passenger car, not by direction of the conductor of the train, but for the purpose of getting a plate of iron and some other small articles in the baggage car, that his death was occasioned. He, as all others, knew that the baggage car is not designed for passengers. * * * The company did not expect or intend that passengers should occupy the baggage car, and hence they had not arranged it with a view to the safety of passengers. * * * Deceased left a place of safety and sought one of danger, and this lost his life. His doing so was not invited or directed by the company. He, in going there, was guilty of a high degree of negligence, so high, in fact, that the company are exonerated from liability, unless the company were guilty of wanton or reckless misconduct on their part. * * * Suppose he had got on the frame in front of the engine, without being directed to do so, and had been injured, could it be contended that he might recover? Surely not, because he had sought a position of

great peril.    When a person takes such and like hazards of their own choice, they must bear the injury."

In Quinn, Adm'x, v. I. C. R. R. Co., 51 Ill. 495, the court cite with approval the language of the court in Willis v. L. I. R. R. Co., 32 Barb. 399, that "If a man places himself in such a position that in the ordinary movement and conduct of the train he is exposed to danger, he may justly be said to be negligent of his security and must take the consequences if he is injured."

In R., R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 398, an action brought to recover for personal injuries sustained by a passenger while in the act of stepping, or just as he had stepped on the platform of a caboose car, the persons in the caboose car not having been injured, the court say: "Was it prudent or at all necessary for him to go upon the platform? The excuse given for leaving his seat is, that he desired to relieve a want of nature.    The reason assigned can hardly be regarded as a satisfactory explanation of his conduct.    *    *    *    The conclusion, therefore, seems almost irresistible, that in going upon the platform without making the proper inquiries of the conductor, appellee was himself guilty of a want of ordinary care.    No prudent man would do it."

In Hickey v. Boston & Lowell R. R. Co., 14 Allen, 429, it was held that going upon the platform of a moving car voluntarily, and without reasonable cause of necessity or propriety, constituted a failure to exercise due care and caution.

In Daggett v. Ill. Cent. R. R. Co., 34 Iowa, 384, the same rule was announced as to riding upon the tender of an engine instead of on the caboose.    In Camden & Atlantic R. R. Co. v. Hoosey, 99 Penn. St. 492, a party injured while riding near the outer edge of the platform, the cars being full, being thrown off by an ordinary jolt of the car, was held not entitled to recover.

In K. C. R. R. Co. v. Thomas, 79 Ky. 160, a passenger voluntarily occupying a baggage car, was held not entitled to recover for an injury received in consequence of his being in such car.

In Alabama G. S. R. R. Co. v. Hawk, 72 Ala. 112, a pas-

senger in standing upon the platform while the train was in motion, in the dark, is said to have evinced a want of ordinary prudence.

In Macon & W. R. v. Johnson, 38 Geo. 409, the court say: "It would seem that, *prima facie*, every person ought to know that the platform is not a passenger's place except to pass over. * * * He had no business on the platform; it was a place of danger and always is."

In Blodgett v. Bartlett, 50 Geo. 353, the court say: "The platform is not a safe place to be, and it is not made to ride on."

In the case at bar the position in which the deceased was found after the accident, "caught between the dead wood of the platform and coping plank and facing toward the car," as well as the preponderance of the evidence as to where he was prior to the collision, indicate that he was, when injured, riding upon the coping or footboard of the tender of the engine. That he had repeatedly been warned, and was upon the very night of the accident, of the dangerous character of such place, is abundantly established.

Not only, therefore, by the ordinary rules by which human conduct is tested, but by the opinion of his mates, fellow-railroad men, he was not, when injured, in the exercise of ordinary care. He was doing that which they thought highly dangerous; certainly he was occupying a position which ordinarily prudent railroad passengers do not unnecessarily put themselves in.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*