JAMES M. MURPHY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, October 21, 1902.

1.  **Pleading:** TWO CAUSES OF ACTION IN SINGLE COUNT: PETITION: OBJECTION: MOTION TO ELECT: ANSWER: PRACTICE, TRIAL.   It is bad pleading to blend two causes of action in a single count of a petition and the fault should be corrected if timely objection is made; but the objection is not timely if made by motion to elect after an answer has been filed and a jury sworn to try the issues.

2.  **Street Railway:** DUTY OF EMPLOYEES.   It is the duty of a street railway company's employees in charge of a car to treat passengers with respect and not subject them to insult and violence, and that rule was applicable to this case under the testimony adduced by the plaintiff and was properly given in charge to the jury.

3.  **Practice, Trial:** INSTRUCTION.   When the trial court, at the instance of defendant, instructs the jury at the close of plaintiff's case that the plaintiff can not recover on one cause of action stated in his petition, the defendant can not complain on appeal that the court afterwards submitted the cause to the jury solely on the other cause of action stated in the petition.

4.  **Damages:** MEASURE OF DAMAGES: AMOUNT OF DAMAGES PRAYED FOR IN PETITION: INSTRUCTIONS: PRACTICE, TRIAL.   The petition prayed for $5,000 damages; the instruction on the measure of damages is complained of because it did not limit the amount the jury might award to that prayed in the petition. *Held,* that as the jury only awarded $500 damages, this point is without merit.

5.  **Error:** INSTRUCTION: MEASURE OF DAMAGES.   It is not reversible error that the trial court in an instruction on the measure of damages directed the jury to award damages for plaintiff's in-

juries "caused by the wrongful conduct of the defendant as set out in other instructions," when the jury were told in other instructions that they must find the defendant's conduct was wrongful in the respects charged before they could find a verdict against it.

6. **Defense:** ASSAULT: INJURIES: INSTRUCTION: TRESPASSER: PASSENGER ON RAILWAY CAR. The defense in this case was that whatever injuries plaintiff received were inflicted by the servants of the company in defending themselves against an assault by the plaintiff. An instruction was given by the court which told the jury that if plaintiff began the assault he could not recover. *Held*, that it was not error to refuse an instruction submitting the issue of whether the plaintiff was a trespasser on the car or not, because that was immaterial, as he had no higher right to commit an assault if he was a passenger than he would have had if he was a trespasser.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

This instruction was given at the defendant's request:

"If the jury find from the evidence that the plaintiff intended to end his journey as a passenger at Sixth street and Washington avenue, and went to the rear platform of the car for the purpose of alighting, and was given reasonable opportunity to alight at that point, but because a controversy arose between the plaintiff and the conductor about the past occurrence of the conductor refusing a transfer to plaintiff, and that the plaintiff remained upon said car for the purpose of continuing the controversy, and that when the car reached Sixth and Locust streets the plaintiff was in the act of alighting and the conductor put his hand upon the plaintiff, pushed him off, and that thereupon the plaintiff again got on the car, struck and assaulted the conductor, then the conductor had lawful right to use such force as was reasonably necessary in resisting the plaintiff to prevent injury to himself; and if, while the

conductor and plaintiff were engaged in their struggle and scuffle, the motorman came to the rear platform and the plaintiff struck him or attempted to strike him, then the motorman had the lawful right to use such force as was reasonably necessary to prevent injury to himself in resisting the plaintiff; and if the jury find from the evidence that the alleged assault upon plaintiff occurred substantially under these circumstances, and that neither said conductor nor said motorman used any more force than was reasonably necessary to protect themselves against the plaintiff, then the plaintiff is not entitled to recover for the alleged assaults made upon him.''

These two were refused:

''If the jury find from the evidence that the plaintiff went upon the rear platform of the car or of the step thereof for the purpose of alighting therefrom, and that the conductor pushed the plaintiff off the car, and that the plaintiff then got upon the platform of the car, not for the purpose of being further carried as a passenger, but for the purpose of attacking or assaulting the conductor, then the plaintiff became a trespasser in again getting on that car for the purpose, and the defendant's agents in charge of said car had the lawful right to use such force as was reasonably necessary to keep plaintiff off the car or to expel him therefrom, and the defendant is not liable for any damages caused by any assault made upon plaintiff, after he was pushed off the car by the conductor; unless they used more force than was necessary in resisting the attack of plaintiff or in trying to keep him off the car, and in determining whether more force than was necessary was used, the jury should consider all the facts and circumstances in evidence before them.''

''Even if the jury do find from the evidence that the allegation of the petition, that when the plaintiff was about to alight from the car at Locust street the conductor 'put his hands on him to shove him off,' is true, then the plaintiff had no right to use any greater force than was necessary to prevent being shoved off,

and if the jury further find from the evidence that the plaintiff struck, or struck at the conductor, or in any manner threatened to strike or assault the conductor, and that such assault or threatened assault was not necessary to plaintiff's protection from being shoved off the car, then the conductor had the right to resist such assault, or threatened assault, if it appeared to said conductor from the acts of the plaintiff that there was imminent danger that the plaintiff would strike said conductor, and the plaintiff can not recover for any injuries he may have received by the acts of said conductor in resisting such assault provided said conductor used no more force than was necessary in resisting plaintiff."

*Boyle, Priest & Lehmann, Geo. W. Easley* and *Walter H. Saunders* for appellant.

(1)  The objection to the introduction of any evidence should have been sustained as to the second count demanding punitive damages, because it was identical with the first count demanding actual damages. Trammell v. Vaughan, 158 Mo. 214. (2)  The motion to elect offered at the opening of plaintiff's case and again at its close and addressed to both counts of the petition, should have been sustained, because each count contains at least two distinct causes of action, namely, assault and battery, and arrest and malicious prosecution. These causes of action, growing out of the same occurrence, might have been united in separate counts, and therefore the misjoinder could only have been raised by a motion to elect—a demurrer to misjoinder only lying when the causes of action sought to be joined can not be united in either the same or different counts. Burns' Annotated Code, sec. 413, and cases cited; Brown v. Railroad, 20 Mo. App. 427; Mulholland v. Rapp, 50 Mo. 42; Mooney v. Kennett, 19 Mo. 551; Otis v. Bank, 35 Mo. 128. (3)  Instruction No. 1 given for plaintiff, authorizing him to recover if a passenger and assaulted upon the car, was erroneous, because not in accordance with the first count of the petition, which con-

tained at least one and probably two other distinct causes of action. The court had no authority to single out one cause. (4) Instruction No. 2 given for plaintiff was erroneous: because, first, a roving commission to assess damages, no limit being fixed; second, it characterized the conduct of defendant's servants as "wrongful." (5) Instruction No. 4 for defendant, refused, should have been given, because on a theory, amply supported by the evidence, that plaintiff had become a trespasser, and had forfeited his rights as a passenger, since he re-boarded the car, after getting on the ground, for the purpose of attacking the conductor. Eads v. Railroad, 43 Mo. App. 536; Raming v. Railroad, 157 Mo. 509; Creamer v. Railroad, 126 Mass. 320; s. c., 31 N. E. 391; Railroad v. Boddy (Tenn.), 8 Am. Neg. Rep. 566. (6) There was neither allegation nor proof that the assault by the motorman upon the plaintiff, a trespasser on the car, was within the scope of his duties, and the company was not liable for such assault, absent such allegation and proof. Raming v. Railroad, 157 Mo. 509. (7) Instruction No. 5, refused, informed the jury that the conductor, under the company's printed rules posted in the car, was justified in refusing the transfer requested by plaintiff some time after he had paid his fare, which refusal originated the controversy eventuating in a fight between them. This rule was reasonable and the instruction should have been given. Woods v. Railroad, 58 Mo. App. 75.

*Thomas Morris* and *J. P. Maginn* for respondent.

(1) The defendant filed this motion on the day of trial after the jury had been sworn. If he relied upon the fact that the first count contained incongruous causes of action, or more than one cause of action in one count, he should have taken advantage of it, by a demurrer or by motion to elect. He waived those points if they ever existed by filing his amended answer to both counts. Brownell v. Railroad, 47 Mo. 239; Lincoln v. Railroad, 75 Mo. 27; Owens v. Railroad, 58 Mo.

304; Straub v. Eddy, 47 Mo. App. 189; Lancaster v. Insurance Co., 92 Mo. 460; McKee v. Calvert, 80 Mo. 348; Brinkman v. Hunted, 73 Mo. 178.  (2) "When the defendant files an answer and puts in issue the averments of the petition without having previously challenged their sufficiency by demurrer or otherwise, it is too late to do so after the jury is sworn, if the language in the petition is susceptible of a construction that states a cause of action." Duerst v. St. Louis Stamping Co., 163 Mo. 607, and cases cited at page 621. (3)  The case of Trammell v. Vaughan, cited by defendant to sustain his first point (158 Mo. 214), is not an analogous case to the case before the court. That was a case of breach of promise of marriage.  The several demurrers to the evidence offered by the defendants at the close of the plaintiff's case were waived by the defendants by reason of their introducing evidence to sustain the issues on their part.  Ins. Co. v. Frederick, 58 Fed. Rep. 144; Elliott Appellate Practice, secs. 685 and 686; Railroad v. Hawthorne, 144 U. S. 202; Alexandria v. Stabler, 50 Fed. Rep. 689.  (4)  Defendants, by failing to demur to the evidence at the end of the whole case, admitted that there was not a total failure of proof.  James v. Hicks, 76 Mo. App. 108; Alexandria v. Stabler, 50 Fed. Rep. 689; Railroad v. Hawthorne, 144 U. S. 202.  "When the verdict is unquestionably for the right party, it will not be disturbed for technical errors."  Brown v. Railroad, 20 Mo. App. 427.

GOODE, J.—1.  Plaintiff's petition states two distinct causes of action in a single count, one for damages on account of an assault and battery committed on him by the conductor and the motorman of a car of the defendant, on which he was a passenger at the time, and the other for his malicious arrest and prosecution at the instance of said servants, their action being subsequently ratified and indorsed by the defendant itself.

This was bad pleading and should have been corrected if defendant had made timely objection to it (Otis v. Mechanics' Bank, 35 Mo. 128) but the motion to

require the plaintiff to elect on which cause he would go to trial was not made until after an answer had been filed joining issue on the allegations of the petition and the jury sworn to try the issues thus joined; which was too late, because such motions must be filed before pleading over and going to trial, or the misjoinder will be waived. Stevenson v. Judy, 49 Mo. 227; Wilson v. Railway, 67 Mo. App. (K. C.) 443; Snyder v. Parker, 67 Mo. App. (K. C.) 529.

2. We are of the opinion that the petition contains only one count and not two as the defendant says, the alleged second count being merely a paragraph in which a claim for punitive damages is put forward, based on certain acts of the defendant asserted to constitute a ratification and indorsement of the maltreatment of the plaintiff by the joint assault of the conductor and motorman, and of the subsequent malicious arrest and prosecution. Said paragraph refers to the preceding portion of the petition in which those acts of the defendant's employees were charged and avers that after defendant learned of them, it indorsed and approved them by retaining said employees and employing counsel to conduct their defense against a charge of assault and battery which plaintiff preferred. Punitive damages are demanded in this paragraph in addition to the demand for actual damages.

A fair interpretation of the petition, although it is extremely crude, is that it contains but one count in which two causes of action are embodied, and not two counts with two causes of action in each.

3. Appellant's other assignments of error relate to rulings on instructions, and in dealing with these it should be stated that the case finally went to the jury only on the case for damages for the alleged assault, concerning which two theories were propounded, to-wit: one based on the testimony for the plaintiff, which went to show that as he was alighting from the car, the conductor resumed, by a provoking remark, a dispute which had previously arisen between him and the plaintiff in regard to plaintiff's right to a transfer, the result

being that he shoved plaintiff as the latter attempted to step from the car platform, so that plaintiff would have fallen if his body had not struck against a man who was standing near the steps; whereupon plaintiff struggled with the conductor to keep from being thrown from the car, and a fight ensued during which the motorman rushed to the assistance of the conductor and struck the plaintiff over the head with the controller, a brass instrument weighing ten or twelve pounds and used in manipulating the car.

The other theory was based on testimony adduced by the defendant tending to prove that when the plaintiff came out on the platform of the car in order to alight, he grossly insulted the conductor; an altercation followed in the course of which the plaintiff first struck the conductor, thus bringing on a fight which attracted the attention of the motorman, who stepped forward, when the plaintiff assaulted him and he defended himself with his controller.

A more violent conflict of testimony is seldom found than exists in the record before us; and we, of course, can not adopt either theory as having been conclusively established by proof, but must defer to the verdict of the jury and concern ourselves with the correctness of the trial court's rulings on the instructions.

The first instruction given for the plaintiff is criticised on the ground that it contains an inapplicable proposition of law; namely, that it is defendant's duty to treat its passengers with respect and not subject them to insult or violence by its servants. But we think the proposition is applicable, because if the plaintiff's testimony, that the conductor wantonly pushed him as he was about to step from the car, was true, plaintiff's right to be treated with respect, and neither insulted nor assaulted by defendant's servants while he was a passenger, was violated.

The instruction is also criticised for singling out as a basis of recovery, one of the two causes of action stated in the petition, which, says the defendant, the court had no right to do. This objection comes with

bad grace from the defendant, since it appears that at the close of the testimony for the plaintiff, its counsel asked the court to instruct the jury that he could not recover for the alleged arrest and prosecution, and the court did so instruct them, thereby excluding plaintiff's right to recover on one of the causes of action stated, and sending him to the jury on the case for the assault and battery alone.

The instruction given on the measure of damages was as follows:

"If the jury find for the plaintiff, they will assess his damages at such sum as they shall believe from the evidence will be a fair compensation to him for all injury to his person and physical and mental pain and suffering, if any, caused him by the wrongful conduct of the defendant's servants and agents as in these instructions set out."

An objection urged to that charge is that it failed to restrict the amount of damages which might be awarded to the sum demanded in the petition; but as the demand was for five thousand dollars and the jury only awarded five hundred, the objection will be passed over without further comment.

Another criticism is that the charge stigmatized the conduct of defendant's employees as *wrongful*, to the prejudice of its cause in the minds of the jury. The jury could not have gathered the notion that the court intended to instruct them that the employees had acted wrongly, because the other instructions to which they were referred, required them to find certain wrongful acts had been committed by defendant's servants before they could award damages to plaintiff.

The fourth instruction requested by the defendant and refused was fully covered by one given at its request. Appellant says it was not covered, because the given one only touched the conductor's right of self-defense and not the issue of whether plaintiff was a passenger or a trespasser at the time of the assault. The refused instruction was of the following import: if the plaintiff was pushed off the car by the conductor

and thereafter again got on for the purpose of assaulting the conductor, he became a trespasser and the defendant's servants had the right to use such force as was necessary to expel him from the car. The one given told the jury that if the conductor pushed the plaintiff off the car and he again got on and struck and assaulted the conductor, the latter had the right to use such force as was necessary to defend himself.

Defendant says it was material to have the jury told the plaintiff became a trespasser if he got back on the car after being shoved off, because, if he was a trespasser, it is not liable in any event for an assault on him, a position we are unwilling to support; and it is plain that the fourth instruction was not drafted nor asked on any such theory.

The gist of the two instructions, as of the defense itself, is that if the plaintiff was off the car and got on again to fight the conductor, the latter had the right to use the necessary force to successfully resist, and it would have been superfluous for the court to inform the jury that when the plaintiff got back on the car he was a trespasser; for it was unimportant whether his status was that of passenger or trespasser if he began the affray in which he was injured, as the defendant asserts. It was sufficient if the jury were told the conductor's and motorman's acts were lawful and the defendant was entitled to a verdict if he was the aggressor; his being a passenger could confer on him no right to create a disturbance or commit an assault.

The fifth refused instruction lays down a proposition of law in regard to when the defendant was entitled to decline to furnish plaintiff with a transfer, and was properly refused; because whether plaintiff should have been given a transfer or not, was no issue in the case.

The sixth instruction refused was that if the conductor put his hand on the plaintiff to shove him off the car, plaintiff had no right to use any greater force than was needed to prevent his being shoved off; that if the jury found the plaintiff struck the conductor or

threatened to assault him, such assault being unnecessary to plaintiff's protection from being shoved off the car, then the conductor had the right to resist such threatened assault it if appeared there was imminent danger plaintiff would strike him, and plaintiff could not recover for any injury he might have received from the conductor in resisting the conductor, providing the latter used no more force than was necessary. Several sound reasons may be given why that instruction was rightly refused. One is that the testimony for the plaintiff showed the conductor not only put his hand on the plaintiff to shove him off, but actually did shove him so that he would have fallen from the car if he had not struck against a man who was standing on the ground. The phrase "put his hand on him to shove him off" is extracted from plaintiff's testimony and, as used in the instruction, conveys an erroneous impression of what was the effect of the entire testimony to support the case. The instruction was bad, because it would have presented plaintiff's case to the jury in a false and incomplete aspect by leaving out of view the general bearing of the testimony, as well as the motorman's alleged tort in striking the plaintiff on the head with a dangerous weapon. Whatever merit it possessed bore on the right of the conductor to defend himself against unwarranted violence on the part of plaintiff and was fully embraced in an instruction given at the defendant's instance. The opposed theories of the litigants were well presented to the jury and the judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.