McLAIN, Respondent, v. ST. LOUIS & GULF RAILWAY COMPANY et al., Appellants.

St. Louis Court of Appeals, May 26, 1908.

1. **CARRIERS OF PASSENGERS: Right to Regulate the Seating of Passengers.** A carrier may regulate the seating of passengers and enforce such regulation, and has a right to provide reasonable rules for the seating of passengers and enforce the observance of such rules.

2. ———: ———: **Assault upon Passenger.** Where a passenger entered a car and selected an unoccupied seat, the conductor could not, under the right to regulate the seating of passengers,

forcibly remove such passenger from that seat to another unoccupied one, on the ground that the conductor needed that seat for himself, there being no rule shown setting apart the seat selected, for the use of the conductor; the passenger could recover against the carrier damages caused by such forcible removal, under the circumstances.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*L. F. Parker* and *Moses Whybark* for appellant.

A carrier is required to furnish seats to the passengers entitled to transportation, if practicable, but the carrier has a right to assign each passenger to his position in the conveyance, in the exercise of his own discretion, with reference to the control of the vehicle. 6 Cyc. Law. and Proced., p. 582, par. 2, n. 72; Claypool v. McAllister, 20 Ill. 504; Younger v. Judah, 111 Mo. 303; Railway v. Miles, 55 Pa. 209; Bowie v. Railway, 125 Ala. 397, 50 L. R. A. 634. And in the absence of any rule of his company to the contrary, he has authority to make such reasonable regulations as to the seating of passengers on the train, as necessary for the dispatch of his business, and the passenger is bound to conform to them if brought home to him. 6 Cyc. Law and Proced., pp. 545-7, secs. a, b and c. And whether the regulation be a reasonable one, where the facts are undisputed, as to carriage of passengers, is a question of law for the court. Chilton v. Railroad, 114 Mo. 88. The conductor's satchel was in the seat, and this was notice to the plaintiff that it was occupied. Thorpe v. Railway, 76 N. Y. 402.

*Frank Kelly* for respondent.

NORTONI, J.—This is an action for damages alleged to have accrued to plaintiff while a passenger on

defendant's train, and resulting from an assault made upon him by the conductor. The evidence tended to prove that plaintiff took passage on defendant's regular passenger train at Morley, Missouri, to Crowder, a nearby station. He entered the smoker and selected the third seat from the front of the car. It appears the backs of the second and third seats were so turned as to cause the seats to face each other and the conductor's small hand-grip was setting in the second seat. Although plaintiff had no knowledge of it at the time, the conductor had been occupying these two seats prior to plaintiff entering the car for the purpose of making up his report of transportation collected on the trip. There were not to exceed a dozen passengers aboard the car. More than one-half of the seats therein were unoccupied and available to passengers. As the train departed from Morley, the conductor approached the plaintiff, collected his fare and requested him to move over on the other side of the car. Plaintiff made no answer to this request and remained in the seat. The conductor after having proceeded through the train and collected the tickets, returned in about ten minutes and requested the plaintiff a second time to move over, indicating the opposite side of the car. His purpose in suggesting that plaintiff surrender the seat then occupied was to use the same himself in completing his report. The plaintiff replied: "That is only one man's troubles;" whereupon the conductor, who was a large and powerful man, laid hold of plaintiff for the purpose of removing him from the seat then occupied, to one across the aisle. Plaintiff resisted by holding on to the seat with his hands. In the effort to remove him, the conductor became rude and exercised sufficient force to break the plaintiff's hold upon the seat and permitted him to fall in the aisle of the car. In this fall, plaintiff received a slight injury to his leg. This injury is the occasion of the suit. The evidence discloses

McLain v. Railroad.

that except for the impoliteness involved in the mere fact of refusing to accede to a reasonable request, plaintiff's conduct was entirely decorous and becoming in every respect prior to and at the time the conductor attempted to forcibly remove him from the seat. Among other things, the court instructed the jury on behalf of the plaintiff, that under the evidence in the case, plaintiff had a right to remain in the seat first selected by him and the conductor had no right to require or demand his removal to another. The jury found the issues for plaintiff. Defendant appeals and complains of the instruction mentioned.

It is argued the right of a passenger is only that of being carried safely and with due regard to his personal comfort and convenience; that it is within the province of the carrier to select for the passenger and enforce his acceptance of a particular seat in the car if such seat comports in all respects with the rule requiring comfort and convenience, and that the conductor, as master of the train, has a right to employ such force as may be reasonably necessary to remove a passenger from the seat selected by him to another selected by the conductor. It is possible that cases may arise where the exercise of such authority in a reasonable manner on the part of the conductor would be sustained. For instance, in the case of a dispute between passengers regarding their prior right to the occupancy of a particular seat. In such circumstances, no doubt the conductor, as the representative of the owner, would be the proper person to exercise a discretion and determine the controversy to the end of maintaining quiet and good order on the train. However this may be, the court is of the opinion that the assertion of such authority on the facts of this case is beyond the pale of the law. No one will question the right of the railroad company to provide reasonable rules and regulations for the seating of passengers. [Railway v. Miles, 55

Pa. St. 209; Chilton v. Railway, 114 Mo. 88, 21 S. W. 457; Younger v. Judah, 111 Mo. 303, 310, 19 S. W. 1109; Bowie v. Birmingham Ry., etc., Co., 50 L. R. A. (Ala.) 632; Bass v. Railway, 36 Wis. 450; 5 Amer. & Eng. Ency. Law (2 Ed.), 482; Hutchinson on Carriers (3 Ed.), secs. 1077, 1078, 1079.] And it is said that having provided reasonable rules and regulations in that respect, the carrier may employ necessary force to remove a passenger for persistent non-observance thereof. [Bass v. Railway, 36 Wis. 450; Railway v. Turner, 100 Tenn. 213; 47 S. W. 223, 43 L. R. A. 140; Hutchinson on Carriers (3 Ed.), sec. 1077.] The right of a carrier to provide such reasonable regulations rests upon two fundamentals; first, the right of private property in the means of conveyance; and second, the interest of the public in the orderly conduct of the calling. [Railway v. Miles, 55 Pa. St. 209; Bowie v. Railway, 50 L. R. A. 632.] The doctrine upon which an enforcement of such regulations against a passenger is sustained, is that the contract of carriage is made subject to all reasonable rules and regulations then in force and the passenger accepts either the express or implied undertaking of carriage with the understanding that he will conform to such regulations of the carrier with respect to the transportation as are appropriate and reasonable. [Hutchinson on Carriers (3 Ed.), secs. 973, 1077; Railway v. Watson, 110 Ga. 681, 36 S. W. 209; Railway v. Reilly, 40 Ill. App. 416; State v. Railway, 84 Md. 163, 34 Atl. 1130.]

For the purpose of the case in judgment, the propositions of law thus stated may be conceded to be true. Although relied upon by the defendant as conferring authority upon the conductor to exercise reasonable force in removing the plaintiff from the seat, we regard them as entirely without influence here for the reason no regulation of the company whatever appears in

proof. They are therefore beside the case. It is wholly unnecessary to express an opinion as to what influence should be accorded to a regulation setting apart one or more seats in the car for the private use of the conductor in making up his reports, for no such question is presented by the record. It does appear, however, that plaintiff was a passenger and entitled as such to all of the privileges incident to that relation. As to him, the defendant company owed a high degree of care for his safety while in transit. Among the obligations resting upon the defendant in favor of the plaintiff, was the duty to furnish him such accommodations as were reasonably necessary for the welfare and comfort of his passage. This duty, of course, included supplying a proper seat; that is, such a seat as he would have a right to expect from the known usages upon conveyances of the kind. [Hutchinson on Carriers (3 Ed.), 922, 1113.] In the absence of a regulation to the contrary, which is parcel of the contract of carriage, plaintiff undoubtedly had the right to select for his use any unoccupied seat which offered to him the greatest comfort and convenience. Matters of this kind are to be determined by reference to both facts and circumstances attending the particular transaction and the known usages and customs which ordinarily obtain in respect of the conduct of the business of common carrier by railroad. The case should be thus viewed. Now to examine the obligation existing between the parties here, the plaintiff owed no duty to furnish a seat for the conductor. On the contrary, the conductor as representative of the proprietor, was under an obligation to furnish a seat for the plaintiff. There were a large number of seats in the car equally available to either party. The plaintiff having exercised his right and chosen one then unoccupied, as between him and the conductor, upon whom rested an obligation to furnish plaintiff a seat, it was the duty of the conductor to

choose another for himself. Anent this question and for consideration is the matter of common usage and custom which obtains with respect to carriage of local passengers in the smoking car on railroad trains in this State. It is well known that every passenger exercises the right to appropriate any seat he may find unoccupied. Upon entering the car, plaintiff proceeded as men ordinarily do under such circumstances, and appropriated to his use an unoccupied seat. Although an appropriate sense of politeness suggests that he should have acceded to the request of the conductor, having appropriated the seat, he was justified under the law in declining to do so. A passenger, from the time he enters the conveyance of a common carrier, has a right to expect and claim protection of the carrier from the insults and violence of others; it is one of the obligations of the common carrier to afford him protection in that behalf; and *a fortiori*, against the insults and violence of its own servants. In the absence of misconduct on the part of the passenger, it is the duty of the conductor to treat him with respect and to protect him from insult and assault. [Farber v. Railway, 116 Mo. 81, 22 S. W. 631; Murphy v. St. Louis Transit Co., 96 Mo. App. 272, 70 S. W. 159; McGinniss v. Railway, 21 Mo. App. 399; Eads v. Railway, 43 Mo. App. 536; Hutchinson on Carriers (3 Ed.), secs. 980, 981.] The facts in proof show that the conductor utterly disregarded the obligation imposed by law upon the common carrier and assaulted plaintiff without reasonable cause. In view of the record, the court did not err in instructing the jury as above indicated.

What has been said disposes of all the questions presented on the appeal which merit discussion. The judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.