BOYD, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 15, 1904.

1. **PLEADING: Misjoinder of Causes of Action.** In an action for damages to plaintiff's property by reason of a collision with a street car, the petition, which alleged that the injury was "negligently," "willfully," "carelessly" and "intentionally" inflicted, improperly united two inconsistent causes of action, one for trespass and one for negligence. The proof of negligence would disprove willfulness and *vice versa*.

2. ——: ——: **Waiver.** But by answering, such defect is waived and a motion will not afterwards lie to compel an election of causes.

3. **INSTRUCTION: Issues Not Defined.** An instruction which merely indicated the measure of damages in the event of a verdict for plaintiff, but did not state the issues nor specify the facts which must be found to warrant a verdict for him, was erroneous.

4. ————: ————: **Curing Defect.** Nor was the infirmity cured by defendant's instructions, for if they controlled, the verdict would not have been for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. R. M. Foster,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, George W. Easley* and *Glendy B. Arnold* for appellant.

(1) The trial court erred in overruling defendant's motion, made at the beginning of the trial, to compel the plaintiff to elect upon which cause of action he intended to try the case—whether as an action to recover for an injury negligently inflicted, or as an action for an injury willfully and intentionally committed. Raming v. Railway, 157 Mo. 507, 57 S. W. 268; Holwerson v. Railway, 157 Mo. 218, 57 S. W. 770; Bindbeutel v. Railway, 43 Mo. 470; Wharton, Law of Negligence (5 Ed.), section 132; Whittaker's "Smith on Negligence," (2 Am. Ed.), p. 3; Railroad v. Smith, 98 Ind. 42; Beach on Con. Neg. (3 Ed.), section 64. (2) The court erred in giving plaintiff's instruction No. 1-P. It is error to instruct the jury "that if they find the issues herein for plaintiff," etc. Instructions should point out to the jury what the issues in the case are, and not leave them to speculate on or guess what the issues are. The instructions do not define the issues on which this case went to the jury and the jury were then required to perform judicial duties which devolve upon the court, in passing upon the question of what the issues were. Allen v. Transit Co., 81 S. W. 1142; Gessley v. Railroad, 26 Mo. App. 156; Butcher v. Death, 15 Mo. 271;

Fleischmann v. Miller, 38 Mo. App. 177; Clark v. People's Collateral Loan Co., 6 Mo. App. 248; 2 Thompson on Trial, section 2314.

REYBURN, J.—1.  Plaintiff brought this action to recover for loss sustained in the destruction of his horse and wagon by a street car of the defendant near Twelfth street and Washington avenue in the city of St. Louis.  In detailing his cause of action the plaintiff stated that the injury "was negligently, willfully and carelessly done and inflicted" and that the "agents, servants and employees of the defendant willfully, carelessly and intentionally ran said car upon and on the wagon and horse of the said plaintiff."  The defendant answered that the collision was caused without fault on its part by the team of plaintiff pulling into the side of defendant's car.  At the threshold of the trial, before the introduction of any evidence, defendant moved that the plaintiff be required to elect which cause of action he intended to press, assigning that the petition contained averments of both trespass and negligence; but the court overruled the application and the trial proceeded.

The petition confused and united inconsistent and repugnant allegations, as negligence and willfulness can not concur or coexist in a single act; testimony tending to sustain the charge of negligence and carelessness would negative and disprove willfulness or intentionality and proof that the wrongdoing on the part of defendant was deliberate would exclude negligence, and contributory negligence would be no defense available to defendant for injury wantonly committed.  Raming v. Railway, 157 Mo. 477, 57 S. W. 268; Holwerson v. Railway, 157 Mo. 216, 57 S. W. 770; Bindbeutel v. Railway, 43 Mo. App. 463.  The defect in the petition might

properly have been made ground of a seasonable demurrer, under the express statutory provision, that several causes of action were improperly united. Sec. 598, Revised Statutes 1899; McQuillan, Pleading, sec. 198; Blair v. Railroad, 89 Mo. 1. c. 394; Union Bank v. Dillon, 75 Mo. 380. The practice of delaying assaults upon pleadings until the moment of trial cannot be commended (Haseltine v. Smith, 154 Mo. 404), and by joining issue and proceeding to trial, the misjoinder was waived, and the motion should have been presented before the answer was filed. Murphy v. Transit Co., 96 Mo. App. 272, 70 S. W. 159; Snyder v. Parker, 75 Mo. App. 529; Walters v. Hamilton, 75 Mo. App. 237; Blair v. Railroad, 89 Mo. 383; Wilson v. Railway, 67 Mo. App. 443; Stevenson v. Judy, 49 Mo. 227; Fadley v. Smith, 23 Mo. App. 87; R. S. 1899, sec. 602.

2. The charge to the jury was made up of a series of instructions at instance of defendant presenting its theory of defense and the following isolated instruction on behalf of the plaintiff:

"The court instructs the jury that if they find the issues herein for the plaintiff, they will take into consideration in estimating his damages, such injury as they may find him to have sustained in the striking of the horse mentioned in evidence, by the car of the defendant, and the injury to the said horse, the injury to the wagon in question by the striking of the same by the said car, and the expenses he was necessarily at in repairing the said wagon, if they find from the evidence that such injuries were inflicted and by the plaintiff sustained, not exceeding the sum of $253.00."

This instruction is defective and insufficient in not distinguishing or indicating the issues in the case, which is the province of the court to do, nor does it specify what facts if found by the jury would warrant a verdict for plaintiff, and it remitted the jury unguided to ascertain and determine what the issues might be; nor was this infirmity cured by those given for

defendant, for if the jury had been controlled by the latter instructions the verdict would not have been in plaintiff's favor. Allen v. Transit Co., 81 S. W. 1142; Fleischmann v. Miller, 38 Mo. App. 177; Gessley v. Railroad, 26 Mo. App. 156.

The judgment is reversed and the cause remanded. All concur.