MAGGIOLI, Respondent, v. ST. LOUIS TRANSIT
COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1904.

1. **PLEADING: Joinder of Inconsistent Causes.** In an action for
personal injuries to plaintiff while attempting to board a car of
defendant, the petition, which charged that the servants of the
defendant company willfully and negligently caused the car to
start forward before plaintiff had time to board it, was bad
because involving the repugnant and inconsistent elements of
both negligence and wantonness which could not coexist.

2. ———: ———: **Waiver.** But it may be questioned whether the
right to take advantage of such infirmity, if not brought to the
attention of the trial court, was not waived.

3. **CARRIER OF PASSENGERS: Passenger Boarding Car.** In an
action for injuries received by a passenger while attempting to
board the defendant's car, on account of the sudden starting for-
ward of the car, an instruction which authorized a recovery by
plaintiff, if the car suddenly started while he was in the act of
boarding it, irrespective of any consideration whether such
starting of the car was willful or negligent, or whether the
plaintiff was exercising ordinary care, was error.

4. ———: ———: **Degree of Care.** A carrier of passengers is not
an insurer of a passenger's safety, but it is incumbent upon
such carrier to exercise a very high degree of care and vig-
ilance so as to transport the passenger safely, and particularly
to allow him a reasonable time to board the car.

Appeal from St. Louis City Circuit Court.—*Hon. John
A. Blevins,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann* and *Crawley & Jamison*
for appellant.

(1) The petition in this case alleges that the act
of defendant, of which complaint is made, was both
willfully and negligently done. In effect it is alleged.

that defendant's servants willfully caused the car to be suddenly and violently started, thereby causing plaintiff to be dragged, etc., and, that defendant's servants negligently caused the car to be suddenly and violently started, thereby causing plaintiff to be dragged, etc. The statements of the petition are repugnant to each other. Raming v. Railway, 157 Mo. 506, 57 S. W. 268; Jacobson v. St. Louis Transit Co., 80 S. W. 309. (2) It is a question for the jury whether it is negligence to start a street car with a sudden jerk, or to suddenly increase the speed of a slightly moving car while the passenger is in the act of getting on board, or in the act of alighting. Barth v. Railway, 142 Mo. 535, 44 S. W. 778; Yarnell v. Railway, 113 Mo. 570, 21 S. W. 1; Buck v. Power Co., 46 Mo. App. 555; Railway v. Mozely, 79 Ga. 463; Lynch v. Traction Co., 153 Pa. St. 102. Whether or not the driver of a street car is negligent in starting up his team while a passenger is alighting is a question of fact for the jury, and not of law for the court. Connor v. Railroad, 45 Me. 662. (3) The fact that a street car is suddenly started as a passenger, in the exercise of ordinary care is attempting to alight after having signalled the conductor of her desire to do so, does not, as a matter of law, render defendant liable; the question of negligence being for the jury. Railway v. Dinsmore, 162 Ill. 658; Richmond v. Railway, 49 Mo. App. 104. (4) A conductor need not wait for a passenger to reach his seat before starting the car, unless there is some special reason therefor, as in case of a weak or lame person, and then the carrier must have notice of the fact creating the exception. Prior v. Railway, 85 Mo. App. 367. (5) Street car companies, while required to exercise a very high degree of care to prevent accidents to passengers, do not become insurers of their safety. Thompson v. Railway, 140 Mo. 126, 41 S. W. 454. (6) Defendant's servants were not bound to hold the car until plaintiff had

reached a place of safety. Deming v. Railway, 80 Mo. App. 152. (7) Defendant's car was only required to remain stopped long enough to afford plaintiff a reasonable time and opportunity to board it. Plaintiff says it did this. It was the duty of plaintiff to use reasonable expedition to board the car. Culberson v. Railway, 50 Mo. App. 562; Hanks v. Railway, 60 Mo. App. 274.

*John O. Marshall* and *L. G. Peery* for respondent.

(1) The words objected to ("willfully and negligently") can at best be considered mere surplusage, and their use was cured by verdict. Radcliff v. Railroad, 90 Mo. 127, 2 S. W. 277; Floyd v. Gilkey, 29 Mo. App. 211; Hoopman v. Cahoon, 47 Mo. App. 357; 143 Mo. 576. (2) The defendant waived his objection to the language of the petition by answering to the merits. 71 Mo. App. 1; 75 Mo. App. 237. (3) That plaintiff stationed himself at the proper and usual place to receive passengers by defendant, and that defendant signified its intention of receiving him as a passenger, by stopping at the usual and customary place, was not denied. They then owed to him all the duties of a passenger. Barth v. Railroad, 142 Mo. 535, 44 S. W. 778; Choate v. Railroad, 67 Mo. App. 105; 6 Cyc. 616, notes 70 and 71; Cobb v. Railroad, 149 Mo. 135, 50 S. W. 310. (4) The fact that the car is started suddenly, or with a jerk, shows want of proper care. Railroad v. Railroad, 162 Ill. 658; Eppendorf v. Railway, 69 N. Y. 195. (5) The time of stoppage must be sufficient to enable the passenger attempting to get on or off to reach a place of safety, either on the street or in the car, before it is started. Dougherty v. Railway, 81 Mo. 325, 9 Mo. App. 478.

REYBURN, J.—This is an action to recover for personal injuries alleged by the plaintiff to have been

sustained while attempting to board a car of defendant at the intersection of Fourteenth and Papin streets, in the city of St. Louis, the plaintiff averring that on the twentieth day of April, 1903, he attempted to become a passenger, when without fault on his part, as he was about to step upon the car, after taking hold of the handrail used to assist passengers in alighting from and getting upon such car, and before he had time to place his feet firmly upon the steps of the car, the agents and servants of defendant company in charge, willfully and negligently caused the car to be suddenly and violently started, causing plaintiff to be dragged along the street until he was violently thrown to the ground to his serious injury as detailed. The defendant made general denial by way of answer and at the trial objected to the introduction of any evidence under the petition on the ground that it wholly failed to state facts sufficient to constitute any cause of action, which objection was overruled by the court. The trial proceeded and from verdict and judgment for plaintiff, defendant has prosecuted its appeal.

This court has had occasion in a recent case to stamp and condemn as vicious a petition in an action of like character containing averments involving the repugnant and conflicting elements of both carelessness and willfulness in the act complained of as the basis of suit, as negligence and wantonness could not coexist. Boyd v. Transit Co., 108 Mo. 303, 83 S. W. 287. But as the objection now pressed appears not to have been brought to the attention of the trial court by the general objection made, it might be questioned whether the right to take advantage of such infirmity continued and had not been waived.

2. The charge to the jury was made up of a limited number of concise instructions including the following:

"The court instructs the jury that if they believe and find from the evidence that the plaintiff on or about

April 20, 1903, with the intention of becoming a passenger upon one of defendant's cars, stationed himself at the usual and customary stopping place at the intersection of Fourteenth and Papin streets, where the defendant received and discharged passengers, and that upon the approach of the car mentioned in evidence plaintiff signalled to the motorman to stop said car, and that thereupon said car was stopped at said place for the purpose of receiving plaintiff as a passenger thereon, and that while said car was so stopped plaintiff attempted to board said car, and that while he was so in the act of boarding said car, and before he had gotten to a place of safety thereon, the agents and servants of defendant in charge of said car caused it to be suddenly started forward whereby plaintiff lost his hold and footing on said car and was dragged and thrown to the street and injured, then the jury will find for the plaintiff and assess his damages at such sum as they may believe from the evidence will reasonably compensate him for the injuries, if any, he has received; and in determining the damages to be awarded plaintiff, the jury will take into consideration the pain and suffering, if any, he has undergone, the expense, if any, incurred by him on account of doctor's bills and medicine, and the permanency, if any, of the injuries he has sustained.''

The other instructions in nowise perfect or cure the insufficiency conspicuous in the terms of this instruction, as they are confined to directions as to the form of verdict, the power of the jury to disregard the whole testimony of a false witness and the right of defendant to a verdict in event that plaintiff had attempted to board a moving car. This instruction authorized a recovery by plaintiff if the car had stopped for the purpose of receiving him as a passenger and while he was in the act of boarding it, the car was suddenly started, irrespective of any consideration whether such act was willful or negligent on part of

the servants of defendant, and is vague and obscure particularly affording the jury little guidance or direction respecting the measure of plaintiff's recovery for injuries past and prospective. The obligation of defendant to plaintiff was not that of an insurer of his safety but it was incumbent on it to exercise a very high degree of care and vigilance so as to safely transport him, particularly by allowing him a reasonable time to board the car, if plaintiff on his part was exercising ordinary care at the time he was endeavoring to get on the car, and the instruction to the jury should have comprehended proper direction in these material and indispensable respects, as well as regarding the legal standard definitely presented by which a recovery, if any, was to be measured.

The judgment is reversed and the cause remanded. All concur.