## CARDINAL *v.* REINECKE.

1. Aᴜᴛᴏᴍᴏʙɪʟᴇs—Nᴇɢʟɪɢᴇɴᴄᴇ—Qᴜᴇsᴛɪᴏɴ ғᴏʀ Jᴜʀʏ—Dᴇᴛᴏᴜʀs.
    Whether or not driver of automobile in which plaintiff was riding was guilty of negligence in driving car when she approached and attempted to follow directions indicated by detour sign *held*, question for jury.

2. Sᴀᴍᴇ—Gᴜᴇsᴛ Pᴀssᴇɴɢᴇʀs—Tᴇᴀᴄʜᴇʀ ᴀɴᴅ Fᴏʀᴍᴇʀ Pᴜᴘɪʟ ɪɴ Sᴄʜᴏᴏʟ ᴏғ Bᴇᴀᴜᴛʏ Cᴜʟᴛᴜʀᴇ.
    Teacher in school of beauty culture who, at request of defendant, accompanied her and her two daughters on a trip to investigate possible opening for one of the daughters, a former pupil, as an operator in a beauty parlor *held*, not a mere guest passenger, hence entry of judgment for defendant on ground plaintiff was a guest passenger was error (1 Comp. Laws 1929, § 4648).

3. Nᴇᴡ Tʀɪᴀʟ—Aᴜᴛᴏᴍᴏʙɪʟᴇs—Nᴇɢʟɪɢᴇɴᴄᴇ—Gᴜᴇsᴛ Pᴀssᴇɴɢᴇʀs.
    Defendant owner of automobile whom trial court held guilty of negligence as a matter of law and against whom jury was

permitted to assess damages but for whom judgment was entered *non obstante veredicto* upon theory plaintiff was a guest passenger *held*, entitled to new trial where judgment, is reversed as plaintiff was not a guest passenger and defendant presented assignments of error contending court was in error in holding defendant guilty of negligence as a matter of law and such question is determined to be one for consideration by jury (1 Comp. Laws 1929, § 4648; Court Rule No. 66, § 8 [1933]).

ON MOTION FOR REHEARING.

4. APPEAL AND ERROR—DIRECTED VERDICT—RESERVATION—WAIVER.
    When both parties, without reservation, move for directed verdict and one is directed, review is upon trial without a jury but if either party makes reservation of right to go to jury there is no waiver by either.

Appeal from St. Clair; George (Fred W.), J. Submitted April 23, 1937. (Docket No. 119, Calendar No. 39,486.) Decided May 21, 1937. Rehearing denied June 29, 1937.

Case by Alice M. Cardinal against Florence B. Reinecke for personal injuries sustained while a passenger in defendant's automobile. Verdict for plaintiff. Judgment *non obstante veredicto*. Plaintiff appeals. Reversed and new trial granted.

*Carl A. Williams* and *Don R. Carrigan*, for plaintiff.

*Stewart & Black* (*Dean W. Kelley*, of counsel), for defendant.

WIEST, J. Barbara Reinecke of Port Huron, 22-year old daughter of defendant and a graduate of plaintiff's training school of beauty culture, having been informed by plaintiff of a possible opening at Harbor Beach, wanted to go there to make investigation. Her mother did not want her to go for

such purpose unless accompanied by plaintiff and so informed plaintiff. Thereupon Barbara arranged with plaintiff to go and Barbara, her mother and her sister Jean, as driver of the mother's automobile, and accompanied by plaintiff, an afternoon in May, started on the trip. On the way Jean, the driver, saw a detour sign ahead and some distance beyond it a barrier across half of the roadbed and, while considering whether to go ahead over the part of the road left open, she approached so near to the indicated detour that when she decided to make the turn, as thereon directed, the automobile went into a ditch at the side of the detour road, overturned and plaintiff received injuries and brought this suit against the mother, who was owner of the automobile, to recover damages.

At the close of plaintiff's proofs defendant moved for a directed verdict in her favor. This was denied and, upon motion of plaintiff and over objection thereto, and claim of right by defendant to have the jury pass upon the issue of actionable negligence, the court instructed the jury that defendant was guilty of negligence as a matter of law and left to the jury only the assessment of damages. The jury awarded plaintiff damages.

Defendant's subsequent motion for judgment, notwithstanding the verdict, was granted on the ground that plaintiff was a guest passenger and could not recover without alleging and showing gross negligence or wilful and wanton misconduct on the part of the driver of the automobile.* From such judgment plaintiff appeals. Defendant offered no evidence.

Defendant, under the provision of Court Rule 66, § 8 (1933), presents assignments of error, upon which she relies for a new trial in the event of a re-

---

* See 1 Comp. Laws 1929, § 4648.—REPORTER.

versal of the judgment, and contends that the court was in error in finding negligence as a matter of law and refusing to submit the question of actionable negligence to the jury.

We think the issue of actionable negligence, under the circumstances, was one of fact for consideration by the jury.

Plaintiff did not seek recovery as a guest, but as a passenger, serving the desires of defendant and her daughter Barbara, that she go with them to look over the prospect at Harbor Beach and give them the benefit of her judgment.

The trip was of common family interest to the mother, Barbara and Jean, and plaintiff was present as a passenger; not of her own volition, but in order to render a requested service in behalf of such interest and welfare. In so doing plaintiff was not a mere guest. The defendant owned the car; she allowed her daughter Jean to drive; was present in the car and, at her desire, plaintiff was also in the car, and thereby plaintiff was submitted, by defendant, to the want of care of the driver, and the court was in error in entering judgment for defendant.

The judgment is reversed and a new trial granted, with costs to plaintiff.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.

### ON MOTION FOR REHEARING.

PER CURIAM. The motion for rehearing is denied.

When both parties, without reservation, move for a directed verdict, and a verdict is directed, review is upon trial without a jury but if either party makes reservation of right to go to the jury there is no waiver by either.