SHPAKOW *v.* BROWN.

1. AUTOMOBILES—GUEST PASSENGERS—EVIDENCE.

In action to recover for fatal injuries to plaintiff's decedent who was killed in a railroad crossing accident while riding in car driven by defendant's decedent, evidence *held*, sufficient to support finding of court, sitting without a jury, that guest relationship existed as to plaintiff's decedent, where it appears plaintiff's decedent accompanied defendant's decedent to look at a horse the latter was contemplating buying (1 Comp. Laws 1929, § 4648).

2. APPEAL AND ERROR—FINDINGS OF FACT—EVIDENCE.

In the absence of a finding of fact by the trial court, sitting without a jury, the Supreme Court must assume that every finding of fact was made which was necessary to support the judgment, provided there is sufficient evidence in the record to sustain such finding (3 Comp. Laws 1929, § 14265; Court Rule No. 37, § 11[b] [1933]).

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 13, 1942. (Docket No. 55, Calendar No. 41,864.) Decided March 17, 1942.

Case by Laura Shpakow, administratrix of the estate of Stanley Shpakow, deceased, against Gordon Brown, administrator of the estate of Edward Siskow, deceased, and another for death of plaintiff's decedent in collision between an automobile and train. Judgment for defendant. Plaintiff appeals. Affirmed.

*Berger, Manason & Kayes,* for plaintiff.

*Cary & BeGole,* for defendant.

BUSHNELL, J. This action was brought by the administratrix of the estate of Stanley Shpakow,

who was killed in a collision with a train of the Grand Trunk Railroad Company at a crossing in the county of St. Clair. Plaintiff's decedent and Walter Skuratovich were riding in an automobile which was being driven by Edward Siskow. All three of these men were killed in the collision. The trial judge, sitting without a jury, held that the railroad company was not liable and, in an opinion rendered on a motion for new trial, held that plaintiff's decedent was a guest in the Siskow automobile and that Siskow's estate was not liable. See 2 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).

No error is assigned as to the holding with respect to the railroad company, but it is argued that the trial court erred in holding that Shpakow was a guest passenger. The testimony shows that Skuratovich and Siskow either owned or had an interest in the farm near Capac, Michigan, and that Shpakow was in the habit of frequently visiting the farm on week-ends. One witness testified that Shpakow had been there 60 or 70 times during the two years preceding the accident. On the day in question Shpakow went to the country near Flint, Michigan, with his stepson, Frank Gonsowsky, to pick mushrooms and, not finding any, went to the Siskow farm. While at the farm Siskow proposed that Shpakow accompany him and Skuratovich to a nearby farm where they were going to look at a horse. Gonsowsky testified that Siskow said:

"Stanley, I want you to go, because Walter don't know much about horses, and I don't, and you know more about them since you handled them in the old country, so I want your opinion on whether the horse is worth the money that we intend to pay for it."

There is some testimony to the effect that Shpakow wanted to go home because of a headache and only agreed to accompany Siskow and Skurato-

vich when Siskow said that the trip would only take a few minutes. The accident occurred after the three men had seen the horse and were returning to the farm. There were no eyewitnesses to the accident except the employees of the railroad company and they were not called upon to testify.

In *Cardinal* v. *Reinecke,* 280 Mich. 15, the court held that the relation of host and guest did not prevail where the injured party was traveling in defendant's car at the request of the defendant for the purpose of investigating the possibility of opening a beauty parlor for defendant's daughter in an adjoining town. In *Peronto* v. *Cootware,* 281 Mich. 664, the court made a similar holding where plaintiff, the mother of defendant, was riding with defendant in his car not for her own pleasure or on her own business but in order to care for defendant's brother's wife who was ill, defendant's brother having requested such service. The situation disclosed in the instant record is more like that found in *Re Harper's Estate,* 294 Mich. 453, where the sociability element was held to be the dominant factor.

On the record before us the question of the existence of the guest relationship was at best one of fact. The trial judge, sitting without a jury, found this fact adversely to plaintiff.

It is suggested, however, that it is not clear whether the trial judge found that the guest relationship existed as a matter of fact or as a matter of law. The opinion does not state upon which ground decision was based. Assuming a question of fact was presented, we are governed by the general rule that, in the absence of a finding of fact by the trial court, we must assume that every finding of fact was made which was necessary to support the judgment, provided there is sufficient evidence in the record to sustain such finding. See 3 Am. Jur. p. 516, Ap-

peal and Error, § 954, and *Warren* v. *Mosher,* 31 Ariz. 33 (250 Pac. 354, 49 A. L. R. 1311). See, also, Court Rule No. 37, § 11 (b) (1933), and 3 Comp. Laws 1929, § 14265 (Stat. Ann. § 27.994).

There is sufficient evidence to support the findings of fact of the trial judge. See *Eagan* v. *Edwards,* 294 Mich. 260.

The judgment for defendant is affirmed. Costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.