Norma E. GREENE, Plaintiff-Respondent,

v.

Edna M. Thompson MORSE, Defendant-Appellant.

No. 8211.

Springfield Court of Appeals.

Missouri.

Jan. 30, 1964.

Motions for Rehearing or to Transfer Overruled Feb. 24, 1964.

**412**

Ford, Ford & Crow, Kennett, for defendant-appellant.

Sharp & Hatley, New Madrid, for plaintiff-respondent.

STONE, Judge.

In this jury-tried action for damages on account of injuries alleged to have resulted from a vehicular upset, defendant appeals from an adverse judgment of $3,000 entered upon a unanimous jury verdict. About 3:30 P.M. on January 5, 1962, plaintiff Norma E. Greene was riding in a 1953 Ford sedan owned and then being driven by her sister, defendant Edna M. Thompson, in a northerly direction on U. S. Highway 63 near Gilmore, Arkansas. The weather was clear and the 23-foot paved roadway was level and dry. As defendant started around a slight curve to her left while driving about sixty to sixty-five miles per hour, she remarked, "how about some music"; and, suiting her action to the unanswered question, she reached for the radio with her right hand. "That's when she ran off" the paved roadway onto the right-hand or east shoulder of the highway, where the Ford automobile traveled "just a little bit" before defendant "swung back" to her left, lost control of the vehicle, crossed the paved roadway, ran off the embankment on the opposite or west side of the highway, and came to a stop in the west ditch headed back toward the south. With the medical evidence omitted from the transcript by agreement, no question with respect to plaintiff's injuries or the size of the verdict is presented here.

Defendant's-appellant's primary contention upon appeal is that the trial court erred in refusing to direct a verdict for defendant, because (so defendant asserts), *as a matter of law*, plaintiff was a "guest" within the contemplation and meaning of the Arkansas guest statutes [Ark.Stats. §§ 75–913 to 75–915], the pertinent portions of which are quoted marginally,[1] and defend-

1. Section 75–913. "No person transported as a guest in any automotive vehicle upon the public highways * * * shall have a cause of action against the owner or operator of such vehicle * * * for damage on account of any injury, death

ant was not guilty of willful and wanton misconduct in the operation of her automobile. In determining whether plaintiff made a submissible case, we must consider the evidence in the light most favorable to plaintiff, must accord to her the benefit of all supporting inferences fairly and reasonably deducible from the evidence, and must disregard defendant's evidence except insofar as it may aid plaintiff's case. Goodman v. McCulley, Mo., 367 S.W.2d 580, 583(1); Woolf v. Holton, 240 Mo.App. 1123, 1127, 224 S.W.2d 861, 863(2).

Defendant, a middle-aged lady residing in Kennett, Missouri, was betrothed to one Pete Morse of that city. For the purpose of purchasing furnishings for the home she and Pete were establishing, she had made two trips to Memphis, Tennessee, during December 1961. On the first trip, Pete accompanied her and drove, while on the second trip her sister (plaintiff) accompanied her and likewise drove. Desiring to make a third trip to Memphis for the same purpose, defendant called plaintiff on Monday, January 1, 1962, and "asked me [plaintiff] if I would go with her" on the following Friday, January 5. Plaintiff replied "that was too far off for me to make her any promise at that time." On Wednesday, January 3, defendant inquired of her sister whether she had decided to make the contemplated trip to Memphis on Friday. According to plaintiff, "I told her [defendant] that Pete should go with her, I didn't want to go and help select things for her new home." Defendant again talked with her sister on the evening of Thursday, January

4. That conversation, as related by plaintiff, was: "She [defendant] told me that she had asked Pete to go to Memphis with her, and he told her that it was impossible for him to go, he couldn't get away from the shop that day, and she further told me that she had some things that she would give me, * * * she had some drapes, lamps, bedspreads and things * * * she would give me these things to furnish my apartment if I would go with her. * * * She hadn't been feeling well, so I told her Thursday night I would go Friday morning."

Before starting on Friday, January 5, defendant asked plaintiff to drive; and, pursuant to that request, plaintiff did drive the entire distance to Memphis over a route of her choice. The only stop on the way was at a filling station where (so plaintiff said) "Edna [defendant] used the restroom and I had the car serviced." In Memphis, plaintiff proceeded to a parking garage and received the ticket from the attendant. The sisters then visited several department stores, where they looked at "items relating to the furnishing of [defendant's] house" and defendant asked plaintiff's opinion concerning some of those items. Plaintiff purchased nothing for herself that day. After the sisters returned to the parking garage, plaintiff produced the ticket, paid the charge for parking, and drove to a roadside eating establishment where the sisters stopped for a late lunch. After the meal, defendant took the wheel for the first time (on this trip) and drove some sixteen or seventeen miles to the place of accident.

or loss occasioned by the operation of such automotive vehicle * * * unless such vehicle * * * was wilfully and wantonly operated in disregard of the rights of the others."

Section 75-914. "The term guest as used in this act [§§ 75-913, 75-914] shall mean self-invited guest or guest at sufferance."

Section 75-915. "No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without payment for such transportation, * * * shall have a

cause of action for damages against such owner or operator, * * * for personal injury, * * * by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the wilful misconduct of such owner or operator. And in no event shall any person related by blood or marriage within the third degree of consanguinity or affinity to such owner or operator * * * have a cause of action for personal injury * * * against such owner or operator * * *."

■ Since the accident under consideration occurred in Arkansas, the substantive law of that state governs [Russell v. Kotsch, Mo., 336 S.W.2d 405, 408(1); Hall Motor Freight v. Montgomery, 357 Mo. 1188, 1195, 212 S.W.2d 748, 753(9), 2 A.L.R.2d 1292] and Arkansas decisions construing and applying the Arkansas guest statutes are here controlling. Davis v. Wyatt, 359 Mo. 963, 969, 224 S.W.2d 972, 975(1); Yarnall v. Gass, 240 Mo.App. 451, 455, 217 S.W.2d 283, 285(2). In Emberson v. Buffington, 228 Ark. 120, 306 S.W.2d 326, the Supreme Court of Arkansas struck down as unconstitutional the last sentence in Ark.Stats. § 75–915, providing that no person related by blood or marriage within the third degree of consanguinity or affinity to the owner or operator of a motor vehicle should have a cause of action against such owner or operator for personal injuries sustained while in such vehicle. With this statutory provision laid aside, the mere fact that plaintiff and defendant were sisters neither excluded plaintiff from being a guest nor automatically made her one regardless of circumstances,[2] and her status is determinable under the general rule [Martinez v. Southern Pacific Co., 45 Cal.2d 244, 288 P.2d 868(5), 873] thus announced in the Arkansas cases:[3] "The general rule for determining the status of a passenger in an automobile is that if the transportation or carriage in its direct operation confers a benefit only on the person to whom the ride is given and no benefits other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes (Ark. Stats. §§ 75–913 to 75–915), but if the carriage tends to the promotion of the mutual interests of both the passenger and the driver for their common benefit, or if the carriage is primarily for the attainment of some objective or purpose of the operator, the passenger is not a guest."

Defendant's able counsel earnestly contend that "the evidence clearly established that the only benefit accruing to [defendant] was incidental to having [plaintiff's] company and companionship on the trip." On the other hand, plaintiff's counsel point out that defendant "hadn't been feeling well" and, before starting on the trip, asked plaintiff to drive; that plaintiff did drive the entire distance to Memphis over a route of her choice; that the sole purpose of the trip was to purchase furnishings for the home being established by defendant and her fiance; that defendant pressed plaintiff to make the trip not merely because she desired her sister's companionship but more importantly because she sought her advice and assistance in the selection of furnishings at Memphis; and that plaintiff's presence on the trip was regarded by defendant as so beneficial and valuable to herself that she proposed and entered into an inducing agreement that she would give her sister various household furnishings to make the trip—"I [defendant] told her if she would go with me that there was [sic] drapes, bedspreads, rugs, lamp table, telephone table, some pictures, and things that I would give her for the apartment that she had gone out and rented with just the bare necessities to live in, and I would give her these things * * * I was going to dispose of when we moved to the new house."

2. 8 Am.Jur.2d, Automobiles and Highway Traffic, § 482, p. 51; annotation 2 A.L.R. 2d 932, 933; 60 C.J.S., Motor Vehicles, § 399(5)c, p. 1017.

3. Simms v. Tingle, 232 Ark. 239, 335 S.W. 2d 449, 450(1); Henshaw v. Henderson, Ark., 359 S.W.2d 436, 437. To the same effect, see Whittecar v. Cheatham, 226 Ark. 31, 287 S.W.2d 578, 579; Payne v. Fayetteville Mercantile Co., 202 Ark. 274, 150 S.W.2d 966, 967; Arkansas Valley Co-op. Rural Elec. Co. v. Elkins, 200 Ark. 883, 141 S.W.2d 538, 543(12), 9 NCCA(NS) 432; Ward v. George, 195 Ark. 216, 112 S.W.2d 30, 33. Consult also (applying Arkansas law) Frisby v. Olin Mathieson Chemical Corp., 8 Cir., 279 F.2d 939, 943; Hoover v. Harris, 177 Tenn. 467, 151 S.W.2d 152, 155; McMahon v. DeKraay, 70 S.D. 180, 16 N.W. 2d 308, 309. See generally Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 4(1), § 2292, loc. cit. 307–310.

It may be observed in passing that counsel accord no significance, and neither do we, to such incidental payments as plaintiff may have made in connection with servicing and parking of the automobile.[4]

■ It appears to be true in Arkansas [Simms v. Tingle, 232 Ark. 239, 335 S.W.2d 449, 452, 453], as elsewhere,[5] that to permit a finding that an occupant is a passenger and not a guest,[6] a tangible and substantial benefit must accrue to the operator by reason of the occupant's carriage. Broadly stated, it is clear that social companionship alone, simple hospitality, common courtesy, or presence impelled by social amenity does not confer such benefit. 8 Am.Jur.2d, Automobiles and Highway Traffic, § 475, p. 40; annotation 10 A.L.R.2d 1351, 1360. But it is equally well-settled that a transfer of money, property, or something of material value is not essential to confer a tangible and substantial benefit,[7] and that, as the Arkansas cases[8] recognize, a benefit of that nature may be found "if the carriage tends to the promotion of the mutual interests of both the [occupant] and the driver for their common benefit, or if the carriage is primarily for the attainment of some objective or purpose of the operator." Simms v. Tingle, supra, 335 S.W.2d loc. cit. 450(1); Henshaw v. Henderson, Ark., 359 S.W.2d 436, 437. Otherwise described, a situation in the last category is one "where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver * * *." Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 91, 10 A.L.R.2d 1342, 1347.[9] In the final analysis, the status of an occupant in any given case must be determined on the particular facts and circumstances of that case;[10] and since judges, as well as jurors, sometimes disagree as to the significance of certain facts and the inferences to be drawn therefrom, it is not surprising that the issue as to status of an occupant frequently

4. Brand v. Rorke, 225 Ark. 309, 280 S.W. 2d 906, 907(4); Simms v. Tingle, supra, 335 S.W.2d loc. cit. 452; Allison v. Ely, 241 Ind. 248, 170 N.E.2d 371, 377(8); Albert McGann Securities Co. v. Coen, 114 Ind.App. 60, 48 N.E.2d 58, 62(9, 10); Hale v. Hale, 219 N.C. 191, 13 S.E.2d 221, 224(4, 5); Duncan v. Hutchinson, 139 Ohio St. 185, 39 N.E.2d 140, 143(4), and cases there collected.

5. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 198; Young v. Bynum, Tex. Civ.App., 260 S.W.2d 696, 699; Franzen v. Jason, Tex.Civ.App., 166 S.W.2d 727, 728(1), writ refused; Voelkl v. Latin, 58 Ohio App. 245, 16 N.E.2d 519, 523 (7); Miller v. Miller, 395 Ill. 273, 69 N.E.2d 878, 882; Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 4(1), § 2292, loc. cit. 320; 8 Am.Jur.2d, Automobiles and Highway Traffic, § 475, p. 40.

6. For the distinction between "passenger" and "guest," see Dieter v. Byrd, Ark., 360 S.W.2d 495, 496–497, and cases there cited; 2 Restatement of Torts, § 490, Comment a, p. 1272.

7. Dorn v. Village of North Olmsted, 133 Ohio St. 375, 381, 14 N.E.2d 11, 14; Milkovich v. Bune, 371 Pa. 15, 89 A.2d 320, 322(5); Cook v. Faria, 73 Nev. 295, 318 P.2d 649, 650–651(2–4); Sadberry v. Griffiths, 191 Cal.App.2d 610, 12 Cal.Rptr. 773, 777(6); Ray v. Hanisch, 147 Cal.App.2d 742, 306 P.2d 30, 34(8); Albrecht v. Safeway Stores, 159 Or. 331, 80 P.2d 62, 65(4).

8. See Arkansas cases cited in note 3, supra.

9. See also Vest v. Kramer, 158 Ohio St. 78, 107 N.E.2d 105, 109; Voelkl v. Latin, supra, 16 N.E.2d loc. cit. 522(3); Van Auker v. Steckley's Hybrid Seed Corn Co., 143 Neb. 24, 8 N.W.2d 451, 454 (5); Gillespie v. Rawlings, 49 Cal.2d 359, 317 P.2d 601, 604–605; Clapp v. Hester, 169 Cal.App.2d 558, 337 P.2d 525; 60 C.J.S., Motor Vehicles, § 399(5)b, loc. cit. 1012–1013; annotation 10 A.L.R.2d 1351, 1361–1373.

10. Miller v. Miller, 395 Ill. 273, 69 N.E.2d 878, 882(3); Lloyd v. Runge, 186 Kan. 54, 348 P.2d 594, 598; 8 Am.Jur.2d, Automobiles and Highway Traffic, § 475, p. 40; 60 C.J.S., Motor Vehicles, § 399(5)a, p. 1009.

has bred nagging difficulty and sharp division of judicial opinion. E. g., Simms v. Tingle, supra; Truitt v. Gaines, 3 Cir., 318 F.2d 461; Scholz v. Leuer, 7 Wash.2d 76, 109 P.2d 294.

Returning to the facts of the case at bar, the undisputed evidence was that the sole purpose of the trip to Memphis was to purchase furnishings for the home defendant and her fiance were establishing. So, the trip was *not* undertaken for social or recreational purposes. And, although defendant no doubt desired the companionship of her sister and, in that respect, the trip had a social aspect, it would seem that defendant's insistence that her sister accompany her was motivated by considerations which went far beyond the desire for companionship, to wit, by a desire for assistance in driving and by an eagerness for aid and advice in the selection of household furnishings at Memphis.

We have not overlooked defendant's argument that there was no evidence that the invitation to plaintiff was conditioned on, or was extended in consideration of, her doing any part of the driving. Hoover v. Harris, 177 Tenn. 455, 151 S.W.2d 152, 154–155; 8 Am.Jur.2d, Automobiles and Highway Traffic, § 479, p. 45. True, there was no direct evidence to that effect, but we think it fairly inferable that assistance in driving was one of the considerations which motivated defendant's invitation thrice repeated, in view of the undisputed evidence (a) that only a few days previously plaintiff had driven on another trip to Memphis for the same purpose, (b) that, although

defendant's physical condition was not such as to prevent her driving, she was not feeling well, and (c) that, before starting on the morning of January 5, defendant asked plaintiff to drive and the latter did so. But if plaintiff's assistance in driving be disregarded, the undisputed evidence certainly would have permitted findings that defendant's eagerness to have her sister's aid and advice in the selection of household furnishings was a prime motivating consideration for her insistence that plaintiff make the trip, that this consideration was made known to plaintiff before she consented to go, and that it was of such concern and significance to defendant that, as a matter of inducement, she proposed and agreed to give various household furnishings to plaintiff—an agreement, in effect, that plaintiff would be paid in personalty to accompany defendant.

Counsel have cited, and we have found, no factually-analogous Arkansas case; but several cases [11] involving the construction and application of similar guest statutes in other jurisdictions afford support for our conclusion that, in the instant case, the triers of the facts reasonably might have found that plaintiff accompanied defendant at the latter's insistence on a trip undertaken for the sole purpose of attaining an objective of defendant, and that a tangible and substantial benefit accrued to defendant by reason of plaintiff's carriage. Accordingly, we are of the considered opinion that the determinative issue as to plaintiff's status, i. e., whether a guest or a passenger, was for the jury.[12] It necessarily follows that we must reject defendant's pri-

---

11. See particularly Kruzie v. Sanders, 23 Cal.2d 237, 143 P.2d 704(4–6), 16 NCCA (NS) 317. Consult also O'Hagan v. Byron, 153 Pa.Super. 372, 33 A.2d 779 (6); Cardinal v. Reinecke, 280 Mich. 15, 273 N.W. 330(2), 274 N.W. 379; Shpakow v. Brown, 300 Mich. 678, 2 N.W.2d 812(1); Hall v. Kimball, 355 Mich. 333, 94 N.W.2d 817(1); Liberty Mut. Ins. Co. v. Stitzle, 220 Ind. 180, 41 N.E.2d 133 (4); Goldberg v. Cook, 206 Minn. 450, 289 N.W. 512(2).

12. Dieter v. Byrd, supra, 360 S.W.2d loc. cit. 497(4); Simms v. Tingle, supra, 335 S.W.2d loc. cit. 450(2); Whittecar v. Cheatham, supra, 287 S.W.2d loc. cit. 579; Brand v. Rorke, supra, 280 S.W.2d loc. cit. 907; Corruthers v. Mason, 224 Ark. 929, 277 S.W.2d 60, 62(2). See also Goodman v. McCulley, Mo., 367 S.W.2d 580, 583(2, 4); Hartsell v. Hickman, D.C.Ark., 148 F.Supp. 782.

mary contention that the trial court erred in refusing to direct a verdict for her.

The only other point presented by defendant is that there was "a material and fatal variance" between plaintiff's petition and "the proof and theory submitted." Defendant's argument runs along the line that plaintiff alleged *"gross, willful and wanton negligence"* in her petition and thus undertook to plead a cause of action *within* the Arkansas guest statutes [Ark.Stats. §§ 75–913 and 75–915], but that her proof and submission was for *ordinary negligence* and thus for a different cause of action *without* the guest statutes. To rule and disallow this point on its merits, we pass with some hesitancy the meritorious objection that it has not been preserved properly for appellate review. V.A.M.R. Rule 79.03; V.A. M.S. § 512.160(1); Arnold v. Fisher, Mo. App., 359 S.W.2d 602, 609(10–12), and cases there cited.

Although the four particularized specifications of negligence in plaintiff's petition were characterized as "acts and omissions of gross, willful and wanton negligence," the petition also charged that plaintiff's injuries were "a direct and proximate result of the foregoing negligence" and included other averments plainly indicating an intention to plead that plaintiff's status was that of a passenger and not a guest. There was no attack upon the petition before trial; and, during trial, there was no reference to the pleadings and no suggestion that any proffered evidence was not admissible under the petition. Plaintiff's trial theory, as reflected by the evidence and by her verdict-directing instruction 1 (to which there was no objection either before submission or in the motion for new trial), was that defendant had been guilty of negligence and that plaintiff, a passenger, was entitled to recover for injuries resulting therefrom.

■ It is true that negligence, which "conveys the idea of inadvertence" [Plant v. Thompson, 359 Mo. 391, 400, 221 S.W.2d 834, 839; 38 Am.Jur., Negligence, § 48, p. 692], is one kind of tort, while willful and wanton misconduct, which "implies intentional wrongdoing" [Evans v. Illinois Central R. Co., 289 Mo. 493, 503, 233 S.W. 397, 400] is another kind of tort [Nichols v. Bresnahan, 357 Mo. 1126, 1130, 212 S.W.2d 570, 573; Voss v. American Mutual Liab. Ins. Co., Mo.App., 341 S.W.2d 270, 279 (10); Carrow v. Terminal R. Ass'n. of St. Louis, Mo.App., 267 S.W.2d 373, 377(1)], and that allegations of negligence and willfulness, which are "mutually exclusive terms" [Plant v. Thompson, supra, 359 Mo. loc. cit. 400, 221 S.W.2d loc. cit. 839] should not be confused and commingled in the same count. Eoff v. Senter, Mo.App., 317 S.W.2d 666, 670; Agee v. Herring, 221 Mo.App. 1022, 1024, 298 S.W. 250, 252; Boyd v. St. Louis Transit Co., 108 Mo.App. 303, 83 S.W. 287. However, an unattacked petition charging that conduct is both negligent and willful is not a *felo de se* [O'Brien v. St. Louis Transit Co., 212 Mo. 59, 110 S.W. 705(2, 3); Agee v. Herring, supra, 221 Mo.App. loc. cit. 1024, 298 S.W. loc. cit. 252(1)], for charges of negligence and willfulness are not necessarily repugnant because willful conduct may, and often does, include the element of negligence.[13]

■ With allegations of negligence and willfulness improperly confused and commingled in the same count, the petition in the instant case would have been subject to seasonable attack. But no assault having been made on the petition prior to judgment, it here should be construed most favorably to plaintiff [Emerson v. Treadway, Mo.App., 270 S.W.2d 614, 621(13); Worley v. Worley, Mo.App., 176 S.W.2d 74, 77 (4); Elmore v. Cox, Mo.App., 9 S.W.2d

13. Nichols v. Bresnahan, 357 Mo. 1126, 1130–1131, 212 S.W.2d 570, 573; Carrow v. Terminal R. Ass'n. of St. Louis, Mo.App., 267 S.W.2d 373, 377(2). See also McClanahan v. St. Louis Public Service Co., 363 Mo. 500, 506, 251 S.W.2d 704, 708(5); Brisboise v. Kansas City Public Serv. Co., Mo., 303 S.W.2d 619, 623; Eoff v. Senter, Mo.App., 317 S.W.2d 666, 671.

**418**

681, 683(2)], and allegations unnecessary to statement of the submitted cause of action may be treated as surplusage and disregarded.[14] Under the lex fori which generally controls as to matters relating to the remedy and procedure, including the construction and sufficiency of pleadings [15 C.J.S., Conflict of Laws, § 22a, loc. cit. 950; 11 Am.Jur., Conflict of Laws, § 188, pp. 501–502; Restatement, Conflict of Laws, § 592, p. 708], it must be held, at this stage of the litigation, that plaintiff's petition was sufficient to state a cause of action on the submitted theory, i. e., that defendant had been guilty of negligence and that plaintiff, a passenger, was entitled to recover for injuries resulting therefrom.[15] It may be observed that the same holding would be compelled under the law of the place of wrong. Dieter v. Byrd, Ark., 360 S.W.2d 495, 496(1, 2).

■ Furthermore, *even if* the petition had been insufficient to state a cause of action on the above theory, the case was tried by both parties without objection as if the submitted issues had been raised properly in the pleadings, so, after judgment, the petition would be treated as amended to meet the proof and theory upon which the case was tried.[16]

Finding no reversible error in any respect here assigned, the judgment is affirmed.

RUARK, P. J., and HOGAN, J., concur.

14. Osborn v. Chandeysson Elec. Co., Mo., 248 S.W.2d 657, 661(2); Henry v. Cleveland, C., C. & St. L. Ry. Co., 332 Mo. 1072, 61 S.W.2d 340, 341(4), certiorari denied 290 U.S. 627, 54 S.Ct. 70, 78 L.Ed. 546; Jensen v. Turner Bros., Mo.App., 16 S.W.2d 742, 745(4).

15. Eoff v. Senter, supra, 317 S.W.2d loc. cit. 670(1, 2); Carrow v. Terminal R. Ass'n. of St. Louis, supra, 267 S.W.2d loc. cit. 377(3); Agee v. Herring, 221 Mo.App. 1022, 1024–1025, 298 S.W. 250, 252(1); Boyd v. St. Louis Transit Co., 108 Mo.App. 303, 83 S.W. 287; Maggioli v. St. Louis Transit Co., 108 Mo.

App. 416, 83 S.W. 1026; McCallum v. Executive Aircraft Co., Mo.App., 291 S.W.2d 650, 655(4, 6). See Sharp v. Kurth, Mo.App., 245 S.W. 636, where seasonable attack upon the petition had been made.

16. V.A.M.R. Rule 55.54; V.A.M.S. § 509.-500; Evett v. Corbin, Mo., 305 S.W.2d 469, 474(5, 6); Chilcutt v. Baker, Mo. App., 355 S.W.2d 338, 339(1); May Furnace Co. v. Conaway, Mo.App., 352 S.W.2d 40, 42(1); Woolfolk v. Jack Kennedy Chevrolet Co., Mo.App., 296 S.W.2d 511, 516(8).