## HALL *v.* KIMBALL.

1. AUTOMOBILES—PASSENGERS—GROSS NEGLIGENCE.

   Record in action by passenger against host and another motorist for injuries sustained when cars collided *held*, insufficient to sustain finding of gross negligence on part of host (PA 1949, No 300, § 401).

2. SAME—GUEST PASSENGER—QUESTION FOR JURY.

   Evidence presented question of fact for jury and sustained its verdict for plaintiff on question as to whether plaintiff was a guest passenger in her action against 72-year-old host motorist for injuries sustained in accident by plaintiff, niece of defendant's wife in hospital to which parties were going at defendant's insistent request and which visit plaintiff had twice theretofore declined to make inasmuch as it necessitated that she leave her dinner guest, her bedfast mother, her husband and children in order to accompany defendant, it being a detriment, sacrifice and inconvenience to her to accompany defendant (PA 1949, No 300, § 401).

3. SAME—NEGLIGENCE—LEFT TURN—QUESTION FOR JURY.

   Question of whether defendant motorist was guilty of negligence was properly left to jury, where collision occurred as he was making a left turn off 4-lane highway after having waited for a traffic break for at least a minute.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 8, 1959. (Docket Nos. 29, 30, Calendar Nos. 47,513, 47,514.) Decided February 19, 1959.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 531.
[2] 5A Am Jur, Automobiles and Highway Traffic § 1041.
[3] 5A Am Jur, Automobiles and Highway Traffic §§ 387, 1041.
   Right-of-way at street or highway intersections as affected by change of course. 21 ALR 981, 37 ALR 502, 47 ALR 602.

Case by Helen Hall against George H. Kimball, Jr., Louis Shoha and Dominick Shoha for personal injuries sustained in automobile collision. Similar action by Robert Hall for wife's medical expense. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiff against defendant Kimball only. Appeals perfected and cases continued in the name of Ruth Kimball, administratrix of the estate of George H. Kimball, Jr., deceased. Affirmed.

*George A. Porter,* for plaintiffs.

*William J. Eggenberger,* for defendant.

KELLY, J. A Wayne county circuit court jury awarded plaintiff Helen Hall $5,000 and her husband $1,400, and answered "No" to the special question: "Was plaintiff Helen Hall a guest passenger* in the car of defendant George H. Kimball, Jr., at the time of the accident?"

The trial court denied defendant's motion for judgment *non obstante veredicto* and entered judgments. Defendant appeals, contending that the court erred in submitting to the jury the question as to whether plaintiff Helen Hall was a guest passenger and, also, the question of defendant's negligence.

The cases were consolidated at time of trial and on this appeal. We shall refer to plaintiffs in the singular throughout this opinion. Defendant Kimball died after trial of the cases and his administratrix is continuing the appeal.

Question No. 1: *Was plaintiff a guest passenger or a passenger for hire?*

---

* See PA 1949, No 300, § 401 (CLS 1956, § 257.401, Stat Ann 1952 Rev § 9.2101).—REPORTER.

The record does not sustain gross negligence necessary for plaintiff to recover as a guest passenger.

Appellant contends that the proof discloses: Plaintiff was a gratuitous guest passenger; his (defendant's) wife was plaintiff's aunt and plaintiff was injured as she was riding with him to the hospital to visit his wife; plaintiff was under no compulsion to accompany him and could have stayed at home had she so desired; that there was no agreement, understanding or discussion as to plaintiff's passenger status; there was a close family relationship that existed between plaintiff and defendant and defendant's wife and that there was "not a word about payment in any shape or form either tangible or intangible;" defendant did not need any help from plaintiff in driving and there was no contract of any kind.

Plaintiff insists the proof establishes: Defendant was a small, frail man, 72 years of age, who did not like to drive alone or in heavy traffic, and who was greatly disturbed by his wife's illness; plaintiff did not want to make the trip with defendant to the hospital because she not only had a dinner guest at her home, but would have to leave her sick, bedfast, mother, her husband and her children; the first 2 times defendant called her on the telephone in the afternoon, before the evening accident, she refused him and it was only because he "asked," "urged," and "insisted" that she accompanied him on the 10-mile trip to the hospital; it was a detriment, sacrifice and inconvenience to her to accompany defendant.

In *Hunter v. Baldwin*, 268 Mich 106, 109, we held that not everyone riding in a motor vehicle without payment is a guest; plaintiff who cranked automobile at request of operator before re-entering car after absence of several hours, held not a guest so as to relieve owner of car from liability for plaintiff's injuries suffered when car ran over him.

*Cardinal* v. *Reinecke,* 280 Mich 15, established that a teacher in school of beauty culture who, at request of defendant, accompanied her and her 2 daughters on a trip to investigate possibility of daughter becoming an operator in a beauty parlor, held, not a mere guest passenger—hence, entry of judgment for defendant on ground plaintiff was a guest passenger was error.

In deciding *Peronto* v. *Cootware,* 281 Mich 664, we found that a mother who lived 42 miles from town in which her sons resided and who was sent for by one son to take care of his sick wife held, not a guest passenger of other son, the defendant, who was an uncompensated volunteer in conveying mother to his brother, since the trip was not for mother's own business or pleasure and the mother made the trip in order to render a requested service.

The principles established in the 3 above-mentioned cases sustain the trial court's decision that the question as to whether plaintiff was a guest passenger was one of fact that should be decided by the jury.

Question No. 2: *Did plaintiff introduce sufficient proof to justify submitting the question of defendant's negligence to the jury?*

Plaintiff started her action against defendant Kimball and defendant Shoha and in finding defendant Kimball guilty of negligence, the jury also found defendant Shoha not guilty of negligence.

The collision between Kimball and Shoha's cars occurred as Kimball was endeavoring to turn left off a 4-lane highway, Telegraph road, onto Golf drive. Kimball had remained stationary and parked for at least a minute, waiting for a break in the traffic that would give him enough time to make the left turn without a collision. The question as to whether he negligently turned in front of traffic and Shoha's car was a question for the jury to answer

and decide. The trial court did not err in submitting this question to the jury.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.