TOWNSEND *v.* SCUPHOLM.

1. AUTOMOBILES—GUEST PASSENGERS—GROSS NEGLIGENCE—MUTUAL VENTURE.

   Plaintiff passenger was properly found not entitled to recover from defendant host motorist, where there was a failure of offer to prove gross negligence and status was that of guest passenger by reason of showing that venture upon which parties were then engaged was for the mutual enjoyment of both plaintiff and host (CLS 1961, § 257.401).

2. SAME—GUEST PASSENGER—GROSS NEGLIGENCE—DIRECTED VERDICT.

   Directed verdict in favor of defendant host motorist by trial court at close of plaintiff's offer of proof indicates that plaintiff was a guest passenger, and a reading of plaintiff's opening statement shows no offer of proof which would establish gross negligence in fact, except for statement that either one or both of the drivers was negligent in crossing in the oncoming lane, and no showing of an offer to prove ordinary negligence was made (CLS 1961, § 257.401).

3. SAME—PASSENGERS—GROSS NEGLIGENCE.

   Record in action by passenger against host and another motorist for injuries sustained when cars collided *held,* insufficient to sustain finding of gross negligence on part of host (CLS 1961, § 257.401).

4. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

   Facts as offered by plaintiff must be regarded by an appellate court in the light most favorable to plaintiff and the court must accept those facts proven as true, in considering whether or not a verdict should have been directed on defendant's motion.

REFERENCES FOR POINTS IN HEADNOTES

[1]  8 Am Jur 2d, Automobiles and Highway Traffic § 481.
[2, 3]  8 Am Jur 2d, Automobiles and Highway Traffic § 487.
[4]  5 Am Jur 2d, Appeal and Error §§ 885, 886.
[5]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 906, 934.
[6]  8 Am Jur 2d, Automobiles and Highway Traffic § 906.
[7]  8 Am Jur 2d, Automobiles and Highway Traffic § 1011.

5. Negligence—No Eyewitness Rule—Presumption of Due Care.
   The so-called no eyewitness rule and its presumption of due care has no application to the facts of case, where plaintiff, the accident victim is alive, there is no testimony as to position of the vehicles, location of debris on pavement, or with regard to oncoming car being driven in opposite direction, position, or driver's action, from which inferences could be drawn to establish that the host car crossed over the center line striking oncoming car head on.

6. Same—Proof—Inferences.
   Negligence of the defendant must be affirmatively proven, and an inference of negligence may not be drawn from the mere fact that an accident occurred.

7. Automobiles—Negligence—Evidence—Directed Verdict.
   Direction of verdict in favor of defendant oncoming motorist by trial court at close of proofs of plaintiff, passenger in car which collided head on *held,* proper, where the record shows that testimony of host motorist, the only evidence on the subject, is insufficient to establish the position of his vehicle at the time of the accident.

Appeal from Wayne; Fitzgerald (Neal E.), J. Submitted Division 1 February 8, 1966, at Lansing. (Docket No. 255.) Decided April 26, 1966.

Declaration by Frank Townsend against Earl W. Scupholm and Ted Joseph Nawrocki for injuries arising out of an automobile collision. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Albert Lopatin (Norman L. Zemke,* of counsel), for plaintiff.

*Blinstrub, O'Neill & McKenna,* for defendant Scupholm.

Lesinski, C. J. Plaintiff appeals from a directed verdict of no cause for action granted in favor of defendant Nawrocki at the close of the plaintiff's

opening statement, and from a directed verdict of
no cause for action granted in favor of defendant
Scupholm at the close of plaintiff's proofs. Plain-
tiff challenges the propriety of the entry of the
directed verdicts.

On October 29, 1960, plaintiff was a passenger in
a motor vehicle being driven southbound on John
R in Madison Heights, Oakland county, Michigan,
said vehicle being owned and operated by defendant
Ted Joseph Nawrocki. And on said date defendant
Earl W. Scupholm was the owner of a motor vehicle
being driven northbound on John R with his knowl-
edge and consent by a person not party to this ac-
tion. The vehicles collided, injuring plaintiff.

Plaintiff alleged both defendants were guilty of
both ordinary and gross negligence. Defendants'
answer joined issue and pleaded plaintiff's contrib-
utory negligence.

Plaintiff's counsel in his opening statement out-
lined his client's position to be as follows: That
plaintiff and defendant Nawrocki had a couple of
drinks at the Club 400 and then went to the Duchess
Bar and had a few more drinks. At that point
plaintiff indicated a desire to defendant Nawrocki
that he, plaintiff, would like to go back to the Club
400 to call his wife and have her pick him up there.
Defendant Nawrocki at this point asked plaintiff to
come with him to his house to keep him company
while he showered and changed clothes preparatory
to going back to the Duchess Bar. Plaintiff did in
fact accompany defendant Nawrocki to his home.
Afterward, while defendant Nawrocki was driving
back to the Club 400 with plaintiff, proceeding south
on John R in Madison Heights, Oakland county,
Michigan, on a 2-lane highway, 1 lane in either
direction, a head-on collision occurred with the vehi-
cle owned by defendant Scupholm injuring plaintiff.
That the area where the collision occurred offers a

clear and unobstructed view for a good distance, and that the drivers of the vehicles were guilty of gross negligence in addition to ordinary negligence in causing the head-on collision to occur. That the collision could only have occurred if the drivers were not looking or paying attention to the oncoming vehicles, not seeing what a reasonably prudent driver should have seen under same or similar circumstances.

To determine if the directed verdict in favor of defendant Nawrocki at the close of plaintiff's opening statement may stand, two questions need be resolved. The first is whether the plaintiff, based on what plaintiff's attorney stated he would prove, was not a guest passenger in defendant Nawrocki's vehicle under the guest passenger statute, CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101). Second, whether in the opening statement plaintiff's attorney sufficiently stated facts he intended to prove to establish gross negligence.

A reading of the opening statement clearly shows that plaintiff had not indicated any offer of proof which would establish gross negligence in fact except for plaintiff's attorney's statement that either one or both of the drivers of the vehicles was negligent in crossing into the oncoming lane, and it could only have occurred if the drivers were not looking or paying attention to the oncoming vehicles. No showing of an offer to prove ordinary negligence is made.

Plaintiff on the question of his status in defendant Nawrocki's vehicle relies on the fact that he, at the request of the defendant Nawrocki, kept him company prior to plaintiff's return to the Duchess Bar as sufficient to make the guest passenger act applicable.

In support of his position, the plaintiff cites *Peronto* v. *Cootware* (1937), 281 Mich 664 wherein

the plaintiff was being transported gratuitously in defendant's vehicle for the purpose of going to the home of the defendant's brother to care for the brother's wife. He also cites *Hunter* v. *Baldwin* (1934), 268 Mich 106, wherein plaintiff, a gratuitous passenger, was injured while at the request of the defendant he was cranking the vehicle to get it started.

Relying on *Hall* v. *Kimball* (1959), 355 Mich 333, plaintiff contends he was entitled to have a jury pass upon his status in defendant Nawrocki's vehicle. In *Hall* there was a question of whether plaintiff, who accompanied defendant to the hospital to visit defendant's wife who was plaintiff's aunt, was under any compulsion to accompany defendant. Defendant contended that there was (p 335) " 'not a word about payment in any shape or form either tangible or intangible,' " that defendant did not need any help from plaintiff in driving and there was no contract of any kind. Plaintiff contended that defendant in the afternoon or the evening of the day of the accident called her on the telephone twice asking that she accompany him and that she refused him. That the last time he called he "asked," "urged," and "insisted" that she accompany him. Plaintiff claimed it was a detriment, sacrifice and inconvenience to her to accompany defendant; that she did not want to make the trip with the defendant to the hospital because she not only had a dinner guest at her home, but would have to leave her sick, bedfast mother, her husband, and her children.

All of the cases cited by plaintiff can be distinguished by the facts in each case. In the cases cited it remains clear that the person was not a mere guest passenger as the injury occurred while performing an act for the sole benefit of the owner or operator and at the latter's request. The same

conclusion is reached if plaintiff's version is believed in *Hall*.

To apply the logic of the cases cited by plaintiff to this case would be to do gross violence to the purpose of the guest passenger act. The situation which plaintiff proposed to prove was one of material benefit and convenience, to take the plaintiff's case out from under the guest passenger act. The situation proved herein is one that is repeated many times daily and specifically intended to be covered by the act for the protection of owners and operators of motor vehicles carrying passengers gratuitously. Plaintiff's offer of proof indicates a venture for the mutual enjoyment and convenience of both plaintiff and defendant and not merely for the sole benefit or convenience of defendant Nawrocki.

Plaintiff offered to show that the accident and injury occurred after they left defendant Nawrocki's home and while on the way to Club 400 where plaintiff had indicated a desire to call his wife and have her pick him up.

The trial court properly directed the verdict in favor of defendant Nawrocki at the close of plaintiff's attorney's opening statement.

Was it proper for the court to direct the verdict in favor of defendant Scupholm at the close of plaintiff's proof?

In examining the facts as offered by plaintiff, we must regard them in the light most favorable to the plaintiff and accept those proven as true. See *Ingram* v. *Henry* (1964), 373 Mich 453; *Cloutier* v. *City of Owosso* (1955), 343 Mich 238.

The collision with defendant Scupholm's car occurred at the intersection of John R and Dallas, Madison Heights, Michigan. This intersection is 4 blocks south of the intersection of John R and 10-1/2 Mile road where there is a blinking yellow caution

light for John R. The speed limit in the area is 35 miles per hour. The asphalt pavement is about 1-1/2 cars in width in each direction. There is no center stripe, or shoulder, and John R is a country road. Nawrocki's car was new, in perfect condition, its lights were on and the brakes were good. Nawrocki traveled south on John R, had no occasion to turn off left or right and proceeded along the right-hand side of the highway. He had no reason to cross the center line into the northbound oncoming lane and had no recollection of having done so. Nawrocki remembered passing 10-1/2 Mile proceeding south and having no trouble seeing and observing another southbound vehicle continuously in front of him, almost down to Ten Mile road, a good 6 or 7 blocks away, but could not remember seeing the Scupholm car before the head-on collision. Plaintiff did not remember leaving the house and getting into Nawrocki's automobile and did not remember traveling down John R. There was no testimony given as to the position of the vehicles either before or after the accident. There was no testimony as to the location of debris on the pavement. There was no testimony with regard to the defendant's car, or its position, or its driver's action.

Based on these facts, the plaintiff seeks to invoke the so-called no eyewitness rule and its presumption of due care, and appropriate inferences to establish that the Scupholm car crossed over the center line striking Nawrocki's car head on. Plaintiff draws upon *Breker* v. *Rosema* (1942), 301 Mich 685, as a foundation for his proposition. We do not find that the rule enunciated in the *Breker Case* has any application to the facts in this case.

In *Alpern* v. *Churchill* (1884), 53 Mich 607, 613, Justice COOLEY stated:

"The party counting upon negligence must adduce affirmative proof of it.  *  *  *  Negligence, like any other fact, may be inferred from the circumstances; and the case may be such that, though there be no positive proof that defendant has been guilty of any neglect of duty, the inference of negligence would be irresistible."

This was quoted with approval by Justice TALBOT SMITH in a concurring opinion in *Indiana Lumbermens Mutual Insurance Company* v. *Matthew Stores, Inc.* (1957), 349 Mich 441, 445.

The rule that negligence of the defendant must be proved, and that an inference of negligence is not to be drawn from the mere fact of an accident was stated in *Sewell* v. *Detroit United Railway* (1909), 158 Mich 407. The *Sewell Case* was also cited by Justice TALBOT SMITH with approval in the *Indiana Lumbermens Mutual Insurance Company Case, supra,* 448 and is the law of this State today.

Based on the facts presented in this case, the trial court properly directed a verdict against plaintiff.

The testimony of witness Nawrocki, which is the only evidence on the subject, as to what happened south of 10–1/2 Mile road south on John R is insufficient to establish the position of his vehicle at the time of the accident. It was conclusively established by admission of Nawrocki on cross-examination that his last memory of his drive before the accident that evening is to John R and 10–1/2 Mile road and not to the point of the accident.

Judgment affirmed. Costs to appellee.

T. G. KAVANAGH and QUINN, JJ., concurred.