## MOORE *v.* CITY OF DETROIT

1. AUTOMOBILES — NEGLIGENCE — GUEST PASSENGER — QUESTION OF FACT.

   Whether an injured automobile passenger is a guest passenger who has an action only for gross negligence or wilful and wanton misconduct is a question of fact for the jury (MCLA § 257.401).

2. AUTOMOBILES—GUEST PASSENGER—CONSIDERATION—BENEFITS.

   No consideration need pass from a passenger to the operator of a motor vehicle to render the passenger not a guest passenger; if the operator receives a direct benefit from another source as a result of the passenger's transportation the service rendered to that passenger is not gratuitous (MCLA § 257-401).

3. AUTOMOBILES—GUEST PASSENGER—BENEFITS—QUESTION OF FACT.

   Whether plaintiff was a guest passenger when she fell from a moving police vehicle was not a question of law, but one of fact for the jury where there was presented a question of benefit flowing to the defendant city and to the defendant police detective, the operator of that vehicle, in providing transportation for plaintiff to a hospital where she had a private medical appointment inasmuch as the city, having a public interest and duty in the enforcement and proper administration of criminal law, not only provided transportation to complainants in taking and processing of their criminal complaints but also compensated the defendant detective in carrying out his police duties, one of which was the transporta-

REFERENCES FOR POINTS IN HEADNOTES

[1]   8 Am Jur 2d, Automobiles and Highway Traffic § 1012.
[2]   8 Am Jur 2d, Automobiles and Highway Traffic § 475.
[3]   8 Am Jur 2d, Automobiles and Highway Traffic §§ 475, 1012.
[4]   8 Am Jur 2d, Automobiles and Highway Traffic § 488.
[5, 6] 8 Am Jur 2d, Automobiles and Highway Traffic § 1013.

tion of persons injured as the result of crimes to hospitals for treatment, in accordance with regular police department procedure (MCLA § 257.401).

4. Automobiles — Guest Passenger — Wilful and Wanton Misconduct — Elements.

Wilful and wanton misconduct of a vehicle operator under the guest passenger act, consists of (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another (MCLA § 257.401).

5. Automobiles — Negligence — Gross Negligence — Question of Fact.

Negligence and gross negligence, being questions of fact rather than of law, are best left to the determination of the jury, particularly in a doubtful case.

6. Automobiles — Negligence — Gross Negligence — Pleadings — Question of Fact.

Defendants' negligence and gross negligence were questions for the jury where the complaint alleged that plaintiff-passenger fell out of the moving police vehicle when a previously damaged door of that vehicle came open as the vehicle operator made a sharp turn at an intersection possibly at excessive speed, that the defendants knew that the previously damaged door needed repair but had failed to have it done, and that the defendant operator was not only inattentive and joking with other police officers at the intersection but also had failed to close the damaged door, or to determine if it were properly closed in view of its damaged condition.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 June 4, 1969, at Detroit. (Docket No. 5,192.) Decided October 29, 1969. Rehearing denied December 13, 1969. Leave to appeal denied February 17, 1970. See 383 Mich 767.

Complaint by Bernice A. Moore against the City of Detroit, a municipal corporation, and David H.

Sims, a Detroit police detective, for personal injuries sustained while riding as a passenger in a police department vehicle. Directed verdict for defendants. Plaintiff appeals. Reversed and remanded.

*Andrew W. Foster, Jr.,* for plaintiff.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr,* for defendants.

Before: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

HOLBROOK, P. J. This case involves a civil action by plaintiff-appellant, Bernice A. Moore, tried in Wayne county circuit court, before a jury, on February 6, 1968, to recover for personal injuries sustained while she was a front-seat passenger in a police vehicle, owned by the defendant City of Detroit and driven by defendant David H. Sims, a detective with the Detroit Police Department.

Plaintiff, in her complaint, alleged negligence of both defendants as follows:

"8. That in the happening of the aforesaid accident the plaintiff herein was not guilty of any negligence or contributory negligence, but that the defendants herein were guilty of negligence and that said negligence consisted in the following:

"(a) In driving said vehicle upon a highway carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and particularly the person of plaintiff, in violation of the Michigan Vehicle Code, CLS 1961, § 257.626 (Stat Ann 1960 Rev § 9.2326).

"(b) In driving or moving or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or combinations of vehicle which is in such unsafe condition as to endanger any person, or which does not contain those parts and other equipment in proper condition and adjustment all in violation of the Michigan Vehicle Code, CLS 1961, § 257.683 (Stat Ann 1968 Rev § 9.2383) and the common law."

On the morning of April 20, 1962, plaintiff went to the Petoskey precinct station to request a warrant for felonious assault against a male friend for an injury which he had caused her on April 14, 1962. Defendant Sims was the officer assigned to investigate that case. After questioning plaintiff regarding the warrant request, defendant Sims offered to drive plaintiff downtown to the prosecutor's office and recorder's court in order to obtain the warrant. The trip downtown was uneventful.

The testimony showed that, upon leaving recorder's court, plaintiff Moore told defendant Sims of a private medical appointment she had at Ford Hospital, for which she was late. Defendant Sims offered to drive her to the appointment since it was on his way back to the police station. Defendant Sims testified in part as follows:

"*Q.* So this is in the ordinary course of your business that you would take complainants downtown, is that correct?

"*A.* Yes.

"*Q.* There is nothing unusual about your conveying a person downtown in your car?

"*A.* Oh, no.

"*Q.* Now, I will ask you, was it in the ordinary course of your business to take them back to the station once you take them downtown?

"*A.* I have taken them back, yes.

"*Q.* So in this connection, you would take them downtown and you would take them back, is that correct?

"*A.* In this case, I did."

Plaintiff's testimony was that she did not remember whether she or defendant Sims closed her car door before the return trip to Ford Hospital. Defendant Sims testified that, while he did open the car door for plaintiff, the door was closed by plaintiff herself while he went around to the other side of the car. The police car in question had a damaged right door, the result of having been struck on the side in a previous accident. According to defendant Sims, the door had, at that time, been pushed in approximately four inches. Although defendant knew of this condition, he testified that the door had, to his knowledge, never failed to close and he assumed it would continue to work properly.

While proceeding from the recorder's court, the car came to the intersection of St. Antoine and Gratiot Streets whereupon defendant Sims stopped for a red light. Plaintiff claimed that after the light changed, defendant proceeded to make a sharp left turn onto Gratiot from St. Antoine, causing her to be thrown against the defective door, which opened, resulting in her falling onto the pavement, and sustaining injuries.

At the close of plaintiff's proofs defendants moved for a directed verdict and judgment of no cause of action claiming that, as a matter of law, plaintiff had not sustained the burden of proving that she was other than a guest passenger in the police car at the time of the accident and for the further reason that there had been no showing of gross negligence on the part of either defendant. The trial court granted defendants' motion for directed ver-

dict. From entry of judgment for defendants, plaintiff brings this appeal.

The issues to be determined are restated and dealt with in proper order.

1. *Did the trial court err in ruling as a matter of law that plaintiff was a "guest" in defendant-city's police vehicle so as to fall within the meaning of CLS 1961, § 257.401 (Stat Ann 1968 Rev § 9.2101), rather than submitting this issue as a question of fact for the jury?*

Plaintiff contends that she was not a "guest" passenger because there was a benefit flowing to defendants in providing the transportation in question. In support of this contention plaintiff argues that defendant Sims was compensated by the city, which benefit was based upon an employer-employee relationship; that the city had a public interest and duty in law enforcement; that, as part of the regular course of procedure of the police, persons injured as a result of crimes are transported to hospitals for treatment; that the transportation provided for plaintiff was of benefit to defendant Sims with regard to carrying out his duties as a policeman; and that the city, having a duty properly to administer justice under the law, provides transportation to complainants in the taking and processing of their criminal complaints. It is plaintiff's claim that the relationship between the parties created a factual situation which should have been left to the jury to determine whether plaintiff was other than a guest passenger.

Defendants have not cited any authority for their claim that the plaintiff was a guest passenger as a matter of law. They do cite *Taylor* v. *Chrysler Corporation* (CA 6, 1939), 108 F2d 196. However, we point out that the facts of that case are not analogous to the instant case and therefore *Taylor*

is not applicable. The case of *McGuire* v. *Armstrong*
(1934), 268 Mich 152, cited by plaintiff, although
not identical to the case at hand, does have significant
similarities. In that case the Court stated, p 156:

"The consideration need not pass from the pas-
senger to the driver. If the driver receives a direct
benefit from another, the service is not gratuitous
and there is no guest relationship. Mrs. Armstrong
admitted that it was her duty as a county nurse to
bring patients to various clinics in Grand Rapids.
It is reasonable to infer that the transportation of
such passengers as the deceased was within the
course of defendant's employment. From the tes-
timony, it seems that it was within the scope of the
county's duties to provide medical services for the
indigent. Transportation was furnished by the
county for that purpose and defendant, at the time
of the accident, was engaged in the performance of
one of the duties for which she was paid."

Also see *Collins* v. *Rydman* (1956), 344 Mich 588.

We find that the ruling of the trial court that the
plaintiff was a guest passenger, as a matter of law,.
was erroneous. This issue under the evidence pre-
sented was one of fact to be determined by the
jury.

2. *Was there sufficient evidence of gross negli-
gence present in the case to submit the question to
the jury?*

Recovery under the theory of gross negligence is
discussed in the case of *Willett* v. *Smith* (1932), 260
Mich 101, 103, 104, as follows:

"If negligence of Mrs. Smith be conceded, still,
under the guest statute, there can be no recovery
unless she be guilty of 'gross negligence or wilful
and wanton misconduct.'

"'* * * the elements necessary to characterize the injury in the case at bar as wantonly or wilfully inflicted are:

"'(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.'"

See also *Bobich* v. *Rogers* (1932), 258 Mich 343.

We quote from plaintiff's brief on appeal, in which it is stated:

"Finally, plaintiff argues that all of the acts complained of were the proximate cause of the accident and plaintiff's injuries and, when these acts are viewed as a whole, could be considered wilful and wanton acts of misconduct and come within the purview of CLS 1961, § 257.401 (Stat Ann 1968 Rev § 9.2101), as gross negligence, *i.e.,* knowledge of a dangerous situation (door in need of repair) and failure to do anything about it; making a sharp turn and/or using excessive speed to do so; being inattentive and joking at the intersection with other police officers, and failure to close door and/or determine if it was properly closed in view of the fact that the door had been hit in a prior accident."

The Supreme Court has indicated that negligence and gross negligence, being questions of fact rather than of law, are best left to the determination of the jury,[1] particularly in the doubtful case.[2]

We rule that the issues of whether defendants were guilty of negligence or gross negligence were questions of fact properly to be submitted to the jury.

---

[1] *Ingram* v. *Henry* (1964), 373 Mich 453, 457.
[2] *Tien* v. *Barkel* (1958), 351 Mich 276, 283.

Judgment reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiff.

All concurred.