BALL v CAUSLEY

1. CONTRIBUTION—JOINDER OF PARTIES—DISCRETION—COURT RULE.

A right of contribution does not depend on whether a plaintiff chooses to sue both joint tortfeasors; those made a party to an action by the exercise of a trial court's discretionary power pursuant to court rule may be liable for contribution (GCR 1963, 204).

2. AUTOMOBILES—GUEST PASSENGER—GRATUITOUS TRANSPORTATION—PAYMENT FOR TRANSPORTATION.

The test to be applied in determining whether a person is a guest in an automobile, in a nonsocial context, is whether the transportation was furnished gratuitously, and it is immaterial whether the passenger or another paid for the transportation.

3. AUTOMOBILES—GUEST PASSENGER—JURY QUESTION.

It was for a jury to determine whether a guest-host relationship existed between an ambulance owner and a passenger whose son was being transported to a hospital, and whether the hire of the ambulance was the motivating influence for her transportation, where the nature of the relationship was susceptible to different constructions (MCLA 257.401).

Appeal from Tuscola, James P. Churchill, J. Submitted Division 2 December 4, 1973, at Lansing. (Docket No. 15608.) Decided March 5, 1974.

Complaint by Norman Ball and Mamie Ball against Harold Causley and Gregory H. Causley for damages resulting from an automobile accident. Third-party complaint by Harold Causley

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Contribution §§ 73, 74

Right of defendant in action for personal injury or death to bring in joint tortfeasor for purpose of asserting right of contribution, 11 ALR2d 230.

[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic § 475.

and Gregory H. Causley against Edgar H. Dinkel for contribution. Judgment for plaintiffs and third-party plaintiffs. Third-party defendant appeals. Reversed and remanded.

*Smith & Brooker, P. C.* (by *James W. Tarter*), for third-party plaintiffs.

*Mainolfi & McGraw,* for third-party defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

DANHOF, P. J. This case arose out of a collision between an automobile, owned by Harold Causley and driven by Gregory Causley, and a private ambulance, owned and operated by Edgar Dinkel, which was on an emergency run. Plaintiff, Mamie Ball, a passenger in the right front seat of the ambulance, was injured. She and her spouse, Norman Ball, brought suit for damages against the operator and the owner of the Causley vehicle. Defendants Causley brought a third-party action against Dinkel seeking contribution in any judgment rendered against them. The case was tried to a jury which returned a verdict in favor of plaintiffs Ball against defendants Causley, assessing Mamie Ball's damages at $23,000 and Norman Ball's damages at $6,000. Judgment on the verdict was entered. The record reflects that the judgment against defendants Causley has been fully paid, and from that judgment there is no appeal.

The jury also found in favor of defendants Causley on their third-party complaint against Dinkel for contribution. From the trial court's order denying motion for judgment notwithstanding the ver-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dict or for new trial, and from the trial court's
ruling that as a matter of law Mamie Ball was not
a guest passenger, third-party defendant Dinkel
appeals.

The following facts appear from agreed excerpts
of the trial transcript. On June 20, 1968, at ap-
proximately 6 p.m., plaintiffs were at their home
in Unionville, Michigan, when their 21-year-old
son, Tim, was stricken with an apparent heart
attack. Edgar Dinkel responded to plaintiffs' call
for an ambulance. Mamie Ball took her car out
into the street awaiting arrival of the ambulance
and then directed the ambulance to their home.
The stricken son was placed in the rear of the
ambulance, and, because Mr. Dinkel did not have
an assistant, their elder son, Terry, got into the
rear and sat alongside his brother administering
oxygen by a mask.

Plaintiff Mamie Ball testified that she got into
the front seat alongside Mr. Dinkel. Dinkel did not
instruct her to do anything. She testified that she
was just a passenger and without any intent to
make any payment for her ride with her stricken
son to the hospital. She was concerned about her
son and wanted to be in the ambulance, but from
where she was sitting she could not assist or
administer to her son in any way. She did not
know whether her son, Tim, wanted her to be
there. She testified that her husband was following
the ambulance in their private car.

Edgar Dinkel testified that plaintiff Mamie Ball
wanted to accompany her son to the hospital and
that she climbed into the right front seat. Dinkel
testified that he did not expect Mamie Ball to
make any payment. He had in the past taken
parents in the ambulance with children. Mamie
was just a passenger. There was no request for any

assistance from her and, from her position, no assistance could be given. Dinkel would have sent a bill for his services, but did not in this case. He did not know at the time whether Mr. or Mrs. Ball was going to pay for his services.

On the way to the hospital, the ambulance overtook the Causley vehicle which was travelling in the same direction. When the automobile made a left turn, a collision resulted. The facts as to the left turn, whether or not Gregory Causley signaled his intention to turn, whether or not the ambulance signaled its approach by flasher or siren, were all in dispute.

On appeal, Dinkel makes no claim that, as an alleged independent wrongdoer whose concurring act of negligence proximately contributed to Mamie Ball's injury, he is not a joint tortfeasor within the meaning of the contribution statute, RJA 2925, being MCLA 600.2925; MSA 27A.2925. *Duncan v Beres,* 15 Mich App 318; 166 NW2d 678 (1968). Nor does he claim that the trial court's grant of the Causley motion to implead for contribution under GCR 1963, 204 was an abuse of discretion. In contrast to prior law, under RJA 2925 the right of contribution does not now depend on whether plaintiff chose to sue both joint tortfeasors. Those made a party to the action by the exercise of the trial court's discretionary power pursuant to court rule may be liable for contribution. *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970).

Defendants Causley's right of contribution does, however, depend on the existence of a common liability shared by them with Dinkel, and Dinkel shares no liability if he was protected against suit by reason of the guest passenger proviso in MCLA 257.401; MSA 9.2101. Counsel for both parties

have stipulated that defendants Causley did not plead gross negligence in their third-party complaint against Dinkel and, "There is no dispute regarding the nonexistence of gross or willful and wanton conduct on the part of Edgar Herbert Dinkel in the operation of his ambulance". In his answer, Dinkel clearly alleged the guest status of Mamie Ball as a defense. The trial court declined to submit for jury determination the status of Mamie Ball in Dinkel's ambulance and ruled as a matter of law that she was not a guest passenger within the meaning of the statute.

Dinkel argues that the trial court erred in its ruling; that to preclude operation of the guest passenger proviso the occupant of a vehicle must have conferred a "tangible benefit" on the driver, which benefit must be "the motivating influence for furnishing the transportation". *Bushouse v Brom,* 297 Mich 616, 628; 298 NW 303, 305–306 (1941). At a minimum, it is argued that the trial court erred in not submitting the question of Mamie Ball's status to the jury. *Moore v Detroit,* 19 Mich App 636; 173 NW2d 256 (1969).

A strict application of the tangible benefit rule, as enunciated in *Bushouse, supra,* would lead to the conclusion that Mamie Ball was a guest within the meaning of the statute. She was not requested by her stricken son or by the driver to enter the ambulance. She was not, in contrast to Terry Ball, in a position inside the ambulance from which she could render assistance to her stricken son.[1] The record is clear that no payment was billed or ever expected for *her* transportation.

However, cases cited by Dinkel for a strict appli-

---

[1] *Contrast* the following cases: *Carey v Oakland,* 44 Cal App 2d 503; 112 P2d 714 (1941); *Hertz Rental Co v Pitts,* 174 So 2d 437 (Fla App, 1965); *Perrine v Charles T Bisch & Son,* 346 Ill App 321; 105 NE2d 543 (1952).

cation of the tangible benefit test arose in an arguably social context where the occupant was transported for reasons of hospitality, or was transported "by reason of an implied invitation * * * for his own entertainment, pleasure, and enjoyment * * * ." *Langford v Rogers,* 278 Mich 310, 316; 270 NW 692, 695 (1936). See also *Brody v Harris,* 308 Mich 234; 13 NW2d 273 (1944); *Shumaker v Kline,* 333 Mich 346; 53 NW2d 295 (1952).

In the case at bar, the context in which Mamie Ball was transported was not social. Dinkel was clearly within the scope of his ambulance business. It has been held that, when considering the statute in question, the test to be applied is whether the transportation was furnished gratuitously. *McGuire v Armstrong,* 268 Mich 152; 255 NW 745 (1934); *Thomas v Currier Lumber Co.* 283 Mich 134; 277 NW 857 (1938). Furthermore, under those decisions, it is immaterial whether the passenger himself or another paid for the transportation. Given the business nature of the context, the jury could reasonably conclude that Dinkel's expectation of payment for his services in transporting Mamie Ball's stricken son was sufficient to preclude the statute's application with respect to her.

In holding that the nature of the relationship between plaintiff, Mamie Ball, and third-party defendant Dinkel was susceptible to different constructions, we also conclude that the trial court erred in ruling as a matter of law that she was not a guest. It was for the jury to determine whether the hire of the ambulance was the motivating influence for her transportation. The issue should have been submitted for determination under appropriate instructions. See *Collins v Rydman,* 344 Mich 588; 74 NW2d 900 (1956).

Defendants Causley refer us to the case of *Cedzi-*

*woda v Crane-Longley Funeral Chapel,* 155 Tex 99; 283 SW2d 217 (1955), wherein the Texas Supreme Court, under a strikingly similar factual situation, ruled as a matter of law that the guest statute was inapplicable. While we do not disagree with the reasoning of the majority opinion in that case, we believe the issue in this state to be jury-submissible. *Pence v Deaton,* 354 Mich 547; 93 NW2d 246 (1958); *Hall v Kimball,* 355 Mich 333; 94 NW2d 817 (1959); *Moore v Detroit,* 19 Mich App 636; 173 NW2d 256 (1969).

This case is therefore remanded for retrial of the issues as framed in the third-party complaint and answer thereto. The jury shall determine whether a guest-host relationship did or did not obtain. If it did not, judgment for contribution shall enter against Dinkel if the jury finds that he was negligent. If the jury should determine that Mamie Ball was a guest passenger within the meaning of MCLA 257.401, *supra,* then on the record before us, wherein the parties have stipulated as to the absence in pleadings and proofs of facts constituting gross negligence,[2] a judgment of no cause of action should enter.

Reversed and remanded. Costs to abide the final outcome.

All concurred.

---

[2] Should third-party plaintiffs move hereafter in the trial court to amend their complaint so as to allege gross negligence, a grant or denial of such motion pursuant to GCR 1963, 118 is a matter within the sound discretion of the trial court.